# Exhibit 1

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for Plaintiff
Our File No. GP 19510-3

---

MOHAMED BOCKARIE

               Plaintiff,

vs.

1621 ROUTE 22 WEST OPERATING
COMPANY, LLC d/b/a SOMERSET
VALLEY REHABILITATION AND
NURSING CENTER, CAREONE
MANAGEMENT LLC a/k/a CAREONE,
LLC, ABC CORP. 1-5 (fictitious
corporations whose names are not known),
AND JOHN DOES 1-5 (fictitious
individuals whose names are not known),

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY
DOCKET NO. SOM L-1334-11

Civil Action

**SUMMONS**

---

Defendants.

---

**THE STATE OF NEW JERSEY**
**to the Above Name Defendant(s):**

**CareOne Management LLC**
**a/k/a CareOne LLC**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's

attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights, you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  June 10, 2010.

Jennifer M. Perez, Acting Clerk of the Superior Court

Name of defendant to be served:          CareOne Management LLC
                                         a/k/a    CareOne LLC

Address for service:                     173 Birch Plaza North, Fort Lee, New Jersey

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City NJ 08401

LAWYER REFERRAL
609-345-3444
LEGAL SERVICES
609-348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack NJ 07601

LAWYER REFERRAL
201-488-0044
LEGAL SERVICES
201-487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
609-261-4862
LEGAL SERVICES
800-496-4570

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Floor, Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
856-964-4520
LEGAL SERVICES
856-964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08201

LAWYER REFERRAL
609-463-0313
LEGAL SERVICES
609-465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
856-692-6207
LEGAL SERVICES
856-451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
973-622-6204
LEGAL SERVICES
973-624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
856-848-4589
LEGAL SERVICES
856-848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
201-798-2727
LEGAL SERVICES
201-792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
908-735-2611
LEGAL SERVICES
908-782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
609-585-6200
LEGAL SERVICES
609-695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
732-828-0053
LEGAL SERVICES
732-249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
732-431-5544
LEGAL SERVICES
732-866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington & Court Streets
P.O. Box 910
Morristown, NJ 079630910

LAWYER REFERRAL
973-267-5882
LEGAL SERVICES
973-285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
732-240-3666
LEGAL SERVICES
732-341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
973-278-9223
LEGAL SERVICES
973-523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
856-678-8363
LEGAL SERVICES
856-451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
908-685-2323
LEGAL SERVICES
908-231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
973-267-5882
LEGAL SERVICES
973-383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
908-353-4715
LEGAL SERVICES
908-354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
 973-267-5882
LEGAL SERVICES
908-475-2010

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

---

MOHAMED BOCKARIE,

        Plaintiff,

vs.

1621 ROUTE 22 WEST OPERATING
COMPANY, LLC d/b/a SOMERSET
VALLEY REHABILITATION AND
NURSING CENTER, CAREONE
MANAGEMENT LLC a/k/a CAREONE,
LLC, ABC CORP. 1-5 (fictitious
corporations whose names are not known),
AND JOHN DOES 1-5 (fictitious
individuals whose names are not known),

        Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY
DOCKET NO. L 1334-11

Civil Action

**COMPLAINT AND JURY DEMAND**

---

    The plaintiff, Mohamed Bockarie, residing at 113 Winding Wood Drive, Apartment 5B,

Sayreville, New Jersey, by way of Complaint against defendants, 1621 Route 22 West Operating

Company, LLC, d/b/a Somerset Valley Rehabilitation and Nursing Center, CareOne Management

LLC a/k/a CareOne LLC, ABC Corp. 1-5 (fictitious corporations whose names are not known), and

John Does 1-5 (fictitious individuals whose names are not known), says:

1.    Plaintiff, Mohamed Bockarie, resides at 113 Winding Wood Drive, Apartment 5B,

    Sayreville, New Jersey.

2.   Defendant, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center, is a limited liability company authorized to do business in New Jersey and has a business location at 1621 Route 22 West, Bound Brook, New Jersey.

3.   Defendant, CareOne Management LLC a/k/a CareOne LLC is a limited liability company authorized to do business in New Jersey and has a principle office location at 173 Birch Plaza North, Fort Lee, New Jersey.

4.   Defendant, Doreen Illis, is an individual employed by defendant as an administrator at Somerset Valley Rehabilitation and Nursing Center.

5.   Plaintiff became employed by defendants as a licensed practical nurse in 2009 at its Holmdel facility.

6.   On or about September 2010, plaintiff received a phone call from Doreen Illis, administrator at Somerset Valley Rehabilitation and Nursing Center, requesting plaintiff transfer from the CareOne at Holmdel facility to Somerset Valley Rehabilitation and Nursing Center (herein after "Somerset Valley Rehabilitation").

7.   In the same telephone conversation, defendant Illis indicated she wanted plaintiff transferred to the Somerset Valley Rehabilitation facility in order to aid in defendants' petition for a union re-election and to vote against the union in the event that a re-election was ordered.

8.   Pursuant to defendant Illis' instructions, plaintiff filed a request for transfer from CareOne at Holmdel to Somerset Valley Rehabilitation. The transfer was completed on or about October 25, 2010.

9.   From October 2010 to December 2010, plaintiff communicated with defendant Illis in person, by telephone, and through text messages every day. Defendant Illis would question

plaintiff about his co-workers and attempt to gather information regarding other employees at the Somerset Valley Rehabilitation facility and their union activities.

10. During some of these conversations, defendant, Illis would ask plaintiff which employees should be terminated in order to secure a favorable union re-election vote at the Somerset Valley facility.

11. In or about December 2010, plaintiff advised defendant Illis he did not feel right about providing the information that she was requesting in regards to plaintiff's Somerset Valley Rehabilitation co-workers.

12. Subsequent to the conversation in December 2010, defendant Illis' conduct changed towards plaintiff.

13. In February 2011, defendant Illis approached plaintiff and told him to take the day off in order to attend the nearby union meeting so he could inform her as to which Somerset Valley employees were in attendance at the meeting. Plaintiff refused.

14. Subsequent to this conversation, defendant Illis' conduct and actions towards plaintiff became more rough and defendant openly displayed a less than friendly attitude towards plaintiff.

15. During plaintiff's employment at the Somerset Valley facility, plaintiff was never written up or disciplined regarding his work performance.

16. In May 2011, plaintiff was called into a meeting with defendant Illis, in which he was advised he was suspended from work in relation to administering a suppository to a patient.

17. Although defendant Illis told plaintiff she would investigate the incident, defendants never took plaintiff's statement regarding the incident nor did they interview any witnesses that were present during the incident.

18.    On May 24, 2011, a letter was sent to plaintiff advising him that he was terminated from employment from Somerset Valley Rehabilitation and Nursing Center. The letter advised plaintiff the reason for his termination was plaintiff's "failure to perform the essential functions of [his] job as more particularly described during our conversation." The letter was signed by defendant Illis.

## FIRST COUNT

Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth herein.

19.    Plaintiff reasonably believed that defendants' request that plaintiff participate in anti-union activities, including spying and reporting on co-workers at the Somerset Valley Rehabilitation and Nursing Center regarding the union activities, was a violation of the law.

20.    In or about 2010, plaintiff made clear he would not participate in any anti-union activities on behalf of defendants.

21.    Subsequent to plaintiff's refusal to join in defendant's anti-union activities, plaintiff was terminated from his employment at Somerset Valley Rehabilitation and Nursing Center.

22.    Defendant Doreen Illis was, at all times, acting as the agent, servant, and employee of defendants, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center and CareOne Management, LLC a/k/a CareOne LLC and was exercising actual or apparent authority granted to her by virtue of her position as administrator.

23.    Defendants' actions in terminating plaintiff's employment for refusal to participate in their anti-union activities constitutes a violation of the Conscientious Employee Protection Act (hereinafter "CEPA").

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## SECOND COUNT

24.   Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

25.   Defendants' actions in terminating plaintiff's employment in retaliation for his refusal to participate in illegal anti-union activities is a clear violation of public policy.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## THIRD COUNT

26.   Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

27.   During plaintiff's employment at Somerset Valley Rehabilitation and Nursing Center, the administrator position was held by defendant, Doreen Illis.

28.   Defendant Illis aided and abetted conduct by the employer that were perceived illegal anti-union activities.

29.   The actions of defendant, Doreen Illis, in terminating plaintiff's employment based on his refusal for participating in defendants' illegal anti-union activities, was aiding and abetted defendants' violation of CEPA.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## JURY DEMAND

Please take notice that plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Robert C. Chapin, Esq. is designated trial counsel for plaintiff.

## R.4:5-1 CERTIFICATION

Pursuant to the provisions of R.4:5-1, the undersigned hereby certifies that this matter is not the subject of any other action pending in any Court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all necessary parties have been joined in this action.

MONTGOMERY, CHAPIN & FETTEN

By: _____
Robert C. Chapin

Dated:  August 19, 2011.

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| Payment Type: CK | CG | CA |
| CHG/CK No.: | | |
| Amount: | | |
| Overpayment: | | |
| Batch Number: | | |

| Attorney/Pro Se Name: Robert C. Chapin | Telephone Number: (908) 203-8833 | County of Venue: Somerset |
|---|---|---|

| Firm Name(if applicable) MONTGOMERY, CHAPIN & FETTEN, P.C. | Docket Number: (When available) |
|---|---|

| Office Address 745 ROUTE 202/206 SUITE 101 BRIDGEWATER, NEW JERSEY 08807 | Document Type: Complaint |
|---|---|
| | Jury Demand:  __xx__ Yes     ____ No |

| Name of Party: (e.g. John Doe, Plaintiff) MOHAMED BOCKARIE, Plaintiff | Caption: MOHAMED BOCKARIE vs. 1621 ROUTE 22 WEST OPERATING COMPANY, LLC., etc, et al |
|---|---|

| Case Type Number: (see reverse side for listing) 616 | Is this a professional malpractice case? ____ Yes    __xx__ No |
|---|---|
| | If you have checked "Yes," See N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an Affidavit of Merit. |

| Related Cases Pending: ___Yes _xx_ No | If yes, list Docket Numbers: |
|---|---|

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?  ____ Yes    _xx_ No | Name of Defendant's Primary Insurance Company, if known: ____ None    _xx_ Unknown |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A.  Do parties have a current, past or recurrent relationship? __xx__ Yes   __No | If yes, is that relationship: _xx_ Employer/Employee ____ Friend/Neighbor ____Familial     ____ Business    Other (explain) _____ |
|---|---|

| B.  Does the statute governing this case provide for payment of fees by the losing party? ____ Yes    _xx_No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Do you or your client need any disability accommodations? ____Yes   _xx_No
If yes, please identify the requested accommodation: _____

Will an interpreter be needed?    ____Yes   _xx_ No    If yes, for what language: _____

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney Signature:

Revised effective 6/20/2011, CN 10517 English

Page 1 of 2

SIDE 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under Rule 4:5-1

CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I - 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM OR UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (Briefly describe nature of action) |

Track II - 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT - OTHER |

Track III - 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLE BLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

Track IV - Active Case Management by Individual Judge/450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

Centrally Managed Litigation (Track IV)
| | | | |
|---|---|---|---|
| 280 | ZELNORM | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 291 | PELVIC MESH0GYNECARE |
| 288 | PRUDENTIAL TORT LITIGAITON | 292 | PELVIC MESH/BARD |
| 289 | REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |

Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE/ISOTRETINOIN | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 278 | ZOMETA/AREDIA | 287 | YAZ.YASMIN/OCELLA |
| 279 | GADOLINIUM | 601 | ASBESTOS |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:
_____ Verbal Threshold          _____ Putative Class Action          _____ Title 59

# Exhibit 2

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

---

MOHAMED BOCKARIE,

           Plaintiff,

   vs.

1621 ROUTE 22 WEST OPERATING
COMPANY, LLC d/b/a SOMERSET
VALLEY REHABILITATION AND
NURSING CENTER, DOREEN ILLIS,
CAREONE MANAGEMENT LLC a/k/a
CAREONE, LLC, ABC CORP. 1-5 (fictitious
corporations whose names are not known),
AND JOHN DOES 1-5 (fictitious
individuals whose names are not known),

          Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY
DOCKET NO. SOM-L-1334-11

      Civil Action

**AMENDED COMPLAINT
AND JURY DEMAND**

---

The plaintiff, Mohamed Bockarie, residing at 113 Winding Wood Drive, Apartment 5B,

Sayreville, New Jersey, by way of Complaint against defendants, 1621 Route 22 West Operating

Company, LLC, d/b/a Somerset Valley Rehabilitation and Nursing Center, CareOne Management

LLC a/k/a CareOne LLC, ABC Corp. 1-5 (fictitious corporations whose names are not known), and

John Does 1-5 (fictitious individuals whose names are not known), says:

1.    Plaintiff, Mohamed Bockarie, resides at 113 Winding Wood Drive, Apartment 5B,

    Sayreville, New Jersey.

2.    Defendant, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center, is a limited liability company authorized to do business in New Jersey and has a business location at 1621 Route 22 West, Bound Brook, New Jersey.

3.    Defendant, CareOne Management LLC a/k/a CareOne LLC is a limited liability company authorized to do business in New Jersey and has a principle office location at 173 Birch Plaza North, Fort Lee, New Jersey.

4.    Defendant, Doreen Illis, is an individual employed by defendant as an administrator at Somerset Valley Rehabilitation and Nursing Center.

5.    Plaintiff became employed by defendants as a licensed practical nurse in 2009 at its Holmdel facility.

6.    On or about September 2010, plaintiff received a phone call from Doreen Illis, administrator at Somerset Valley Rehabilitation and Nursing Center, requesting plaintiff transfer from the CareOne at Holmdel facility to Somerset Valley Rehabilitation and Nursing Center (herein after "Somerset Valley Rehabilitation").

7.    In the same telephone conversation, defendant Illis indicated she wanted plaintiff transferred to the Somerset Valley Rehabilitation facility in order to aid in defendants' petition for a union re-election and to vote against the union in the event that a re-election was ordered.

8.    Pursuant to defendant Illis' instructions, plaintiff filed a request for transfer from CareOne at Holmdel to Somerset Valley Rehabilitation. The transfer was completed on or about October 25, 2010.

9.    From October 2010 to December 2010, plaintiff communicated with defendant Illis in person, by telephone, and through text messages every day. Defendant Illis would question

plaintiff about his co-workers and attempt to gather information regarding other employees at the Somerset Valley Rehabilitation facility and their union activities.

10. During some of these conversations, defendant, Illis would ask plaintiff which employees should be terminated in order to secure a favorable union re-election vote at the Somerset Valley facility.

11. In or about December 2010, plaintiff advised defendant Illis he did not feel right about providing the information that she was requesting in regards to plaintiff's Somerset Valley Rehabilitation co-workers.

12. Subsequent to the conversation in December 2010, defendant Illis' conduct changed towards plaintiff.

13. In February 2011, defendant Illis approached plaintiff and told him to take the day off in order to attend the nearby union meeting so he could inform her as to which Somerset Valley employees were in attendance at the meeting.  Plaintiff refused.

14. Subsequent to this conversation, defendant Illis' conduct and actions towards plaintiff became more rough and defendant openly displayed a less than friendly attitude towards plaintiff.

15. During plaintiff's employment at the Somerset Valley facility, plaintiff was never written up or disciplined regarding his work performance.

16. In May 2011, plaintiff was called into a meeting with defendant Illis, in which he was advised he was suspended from work in relation to administering a suppository to a patient.

17. Although defendant Illis told plaintiff she would investigate the incident, defendants never took plaintiff's statement regarding the incident nor did they interview any witnesses that were present during the incident.

18. On May 24, 2011, a letter was sent to plaintiff advising him that he was terminated from employment from Somerset Valley Rehabilitation and Nursing Center.  The letter advised plaintiff the reason for his termination was plaintiff's "failure to perform the essential functions of [his] job as more particularly described during our conversation." The letter was signed by defendant Illis.

## FIRST COUNT

Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth herein.

19. Plaintiff reasonably believed that defendants' request that plaintiff participate in anti-union activities, including spying and reporting on co-workers at the Somerset Valley Rehabilitation and Nursing Center regarding the union activities, was a violation of the law.

20. In or about 2010, plaintiff made clear he would not participate in any anti-union activities on behalf of defendants.

21. Subsequent to plaintiff's refusal to join in defendant's anti-union activities, plaintiff was terminated from his employment at Somerset Valley Rehabilitation and Nursing Center.

22. Defendant Doreen Illis was, at all times, acting as the agent, servant, and employee of defendants, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center and CareOne Management, LLC a/k/a CareOne LLC and was exercising actual or apparent authority granted to her by virtue of her position as administrator.

23. Defendants' actions in terminating plaintiff's employment for refusal to participate in their anti-union activities constitutes a violation of the Conscientious Employee Protection Act (hereinafter "CEPA").

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## SECOND COUNT

24.  Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

25.  Defendants' actions in terminating plaintiff's employment in retaliation for his refusal to participate in illegal anti-union activities is a clear violation of public policy.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## THIRD COUNT

26.  Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

27.  During plaintiff's employment at Somerset Valley Rehabilitation and Nursing Center, the administrator position was held by defendant, Doreen Illis.

28.  Defendant Illis aided and abetted conduct by the employer that were perceived illegal anti-union activities.

29.  The actions of defendant, Doreen Illis, in terminating plaintiff's employment based on his refusal for participating in defendants' illegal anti-union activities, was aiding and abetted defendants' violation of CEPA.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## JURY DEMAND

Please take notice that plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Robert C. Chapin, Esq. is designated trial counsel for plaintiff.

## R.4:5-1 CERTIFICATION

Pursuant to the provisions of R.4:5-1, the undersigned hereby certifies that this matter is not the subject of any other action pending in any Court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all necessary parties have been joined in this action.

MONTGOMERY, CHAPIN & FETTEN

By: _____
        Robert C. Chapin

Dated:   September 9, 2011

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| | |
|---|---|
| | FOR USE BY CLERK'S OFFICE ONLY |
| | Payment Type:   CK      CG      CA |
| | CHG/CK No.: |
| | Amount: |
| | Overpayment: |
| | Batch Number: |

| Attorney/Pro Se Name: Robert C. Chapin, Esq. | Telephone Number: (908) 203-8833 | County of Venue:   Somerset |
|---|---|---|

| Firm Name(if applicable) MONTGOMERY, CHAPIN & FETTEN, P.C. | Docket Number: (When available) SOM-L-1134-11 |
|---|---|

| Office Address 745 ROUTE 202/206 SUITE 101 BRIDGEWATER, NEW JERSEY 08807 | Document Type: Amended  Complaint |
|---|---|
| | Jury Demand:   __xx__ Yes          _____ No |

| Name of Party: (e.g. John Doe, Plaintiff) Mohamed Bockarie | Caption: Bockarie v. 1621 Route 22 West Operating Company, et al. |
|---|---|

| Case Type Number: (see reverse side for listing) 616 | Is this a professional malpractice case?  _____ Yes    __xx__ No |
|---|---|
| | If you have checked "Yes," See N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an Affidavit of Merit. |

| Related Cases Pending:  ___Yes  _xx__ No | If yes, list Docket Numbers: |
|---|---|

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?  _____ Yes    __xx__ No | Name of Defendant's Primary Insurance Company, if known: _____None    __XX__ Unknown |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A.  Do parties have a current, past or recurrent relationship? _____ Yes   _xx_No | If yes, is that relationship: __ Employer/Employee _____ Friend/Neighbor ____Familial _____ Business   Other (explain) _____ |
|---|---|

B.  Does the statute governing this case provide for payment of fees by the losing party?  _____ Yes        __xx__No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Do you or your client need any disability accommodations?            _____Yes  _xx_No
If yes, please identify the requested accommodation:_____

Will an interpreter be needed?          _____Yes  _xx_ No      If yes, for what language:_____

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Attorney Signature:

Revised effective 6/20/2011, CN 10517 English                                                    Page 1 of 2

SIDE 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under Rule 4:5-1

CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I - 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM OR UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (Briefly describe nature of action) |

Track II - 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT - OTHER |

Track III - 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLE BLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

Track IV - Active Case Management by Individual Judge/450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

Centrally Managed Litigation (Track IV)
| | | | |
|---|---|---|---|
| 280 | ZELNORM | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 291 | PELVIC MESH/GYNECARE |
| 288 | PRUDENTIAL TORT LITIGATION | 292 | PELVIC MESH/BARD |
| 289 | REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |

Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE/ISOTRETINOIN | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 278 | ZOMETA/AREDIA | 287 | YAZ,YASMIN/OCELLA |
| 279 | GADOLINIUM | 601 | ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

____ Verbal Threshold          ____ Putative Class Action          ____ Title 59

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800
Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and CareOne Management, LLC (improperly pled as a/k/a Care
One, LLC)

| | |
|---|---|
| MOHAMED BOCKARIE, <br><br>                  Plaintiff, <br> vs. <br><br> 1621 ROUTE 22 WEST OPERATING COMPANY, LLC D/B/A SOMERSET VALLEY REHABILITATION AND NURSING CENTER, DOREEN ILLIS,  CAREONE MANAGEMENT LLC a/k/a CAREONE, LLC, ABC CORP. 1-5 (fictitious corporations whose names are not known), AND JOHN DOES 1-5 (fictitious individuals whose names are not known), <br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  SOMERSET COUNTY <br><br> DOCKET NO.: SOM-L-1334-11 <br><br> CIVIL ACTION <br><br> **ANSWER TO AMENDED COMPLAINT AND SEPARATE DEFENSES** |

Defendants 1621 Route 22 West Operating Co., LLC d/b/a Somerset Valley

Rehabilitation and Nursing Center ("Somerset Valley"), Doreen Illis ("Illis") and Care One

Management, LLC ("COM") a/k/a/ CareOne, LLC ("Care One, LLC") (together "Defendants")

by their undersigned counsel, as and for their answer to the Amended Complaint (the "Amended

Complaint") filed by Plaintiff Mohamed Bockarie ("Plaintiff"), say:

      1.      Defendants are without knowledge or information sufficient to form a belief as to

Plaintiff's current residence and, therefore, the allegations of this paragraph are denied. By way

of further answer, the listed address for Plaintiff (113 Winding Wood Drive, Apartment 5B,

Sayreville, NJ) is the last known address for Plaintiff in Somerset Valley's files

2.      Admitted.

3.      Denied as stated.  Defendants admit that COM is a limited liability company authorized to do business in New Jersey and has a principle place of business at 173 Bridge Plaza North, Fort Lee, NJ.  By way of further answer, Defendants deny that COM and/or Care One, LLC were Plaintiff's employer.

4.      Denied as stated.  Defendants admit that at all times relevant to this action, Illis was employed by Somerset Valley as the Administrator.

5.      Denied as stated.  Defendants admit that in or about September 2009, Plaintiff became employed as a certified nurse aide ("CNA") at Care One at Holmdel ("Holmdel"), and that Plaintiff became employed at Holmdel as a licensed practical nurse ("LPN") in or about July 2010.  By way of further answer, Defendants deny that COM and/or Care One, LLC were Plaintiff's employer.

6.      Denied.

7.      Denied.

8.      Denied as stated.  Defendants admit that on or about October 19, 2010, Plaintiff requested a transfer from Holmdel to Somerset Valley, that Illis provided guidance to Plaintiff on how to obtain the transfer, and that the transfer was completed shortly thereafter.  Any remaining allegations of this paragraph are denied.

9.      Denied as stated.  Defendant admits that Plaintiff and Illis communicated regularly, and that Illis would discuss with Plaintiff what was going on at Somerset Valley.  Any remaining allegations of this paragraph are denied.

10.     Denied.

11.     Denied.

12.     Due to the breadth, scope, and vagueness of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the meaning of phrase "Illis' conduct changed towards plaintiff" and, therefore, the allegations are denied. Any remaining allegations of this paragraph are denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied as stated. Defendants admit that on or about May 17, 2011, Plaintiff was called into a meeting with Illis and the acting Director of Nursing to discuss issues with Plaintiff's performance, including, but not limited to, the administration of a suppository to a patient, and at that time, Plaintiff was suspended pending investigation.

17.     Denied.

18.     Admitted. By way of further answer, the termination letter is a document, the content of which speaks for itself, and any characterization thereof is denied.

## FIRST COUNT

Defendants incorporate by reference their responses to the foregoing paragraphs of the Amended Complaint as if set forth at length herein

19.     Denied.

20.     Denied.

21.     Defendants admit only that Plaintiff was terminated from his employment at Somerset Valley on or about May 24, 2011. Any remaining allegations of this paragraph are denied. By way of further answer, Defendants deny that COM and/or Care One, LLC were Plaintiff's employer.

22.     The allegations of this paragraph state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Any remaining allegations of this paragraph are denied.  By way of further answer, Defendants deny that COM and/or Care One, LLC were Illis's employer.

23.     The allegations of this paragraph state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Any remaining allegations of this paragraph are denied.  By way of further answer, Defendants deny that COM and/or Care One, LLC were Plaintiff's employer.

Defendants deny the allegations of the unnumbered WHEREFORE paragraph and deny that Plaintiff is entitled to the relief requested.

## SECOND COUNT

24.     Defendants incorporate by reference their responses to the foregoing paragraphs of the Amended Complaint as if set forth at length herein

25.     The allegations of this paragraph state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Any remaining allegations of this paragraph are denied.  By way of further answer, Defendants deny that COM and/or Care One, LLC were Plaintiff's employer.

Defendants deny the allegations of the unnumbered WHEREFORE paragraph and deny that Plaintiff is entitled to the relief requested.

## THIRD COUNT

26.     Defendants incorporate by reference their responses to the foregoing paragraphs of the Amended Complaint as if set forth at length herein

27.     Admitted.

28.     Denied.  By way of further answer, Defendants deny that COM and/or Care One, LLC were Plaintiff's employer.

29.     The allegations of this paragraph state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Any remaining allegations of this paragraph are denied.  By way of further answer, Defendants deny that COM and/or Care One, LLC were Plaintiff's employer.

Defendants deny the allegations of the unnumbered WHEREFORE paragraph and deny that Plaintiff is entitled to the relief requested.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Amended Complaint and each and every claim fails to state a claim for which relief can be granted and Defendants reserve the right to move at or before the time of trial to dismiss the same.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by his unreasonable failure to take advantage of preventive and corrective opportunities, including those provided by his employer under applicable retaliation policies.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part because his employer had in effect, at all relevant times, a procedure for employees to address claims of retaliatory treatment, and exercised reasonable care to prevent and promptly correct any retaliatory treatment.

## FOURTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive damages because Defendants at all times made good faith efforts to comply with the law and any actions taken with respect to Plaintiff were done without malice or reckless indifference to his rights.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are barred by applicable law and, in any event, are barred by the Due Process Clauses of the federal and New Jersey State Constitutions.

## SIXTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to mitigate his claimed damages.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part by the exclusivity provisions of the New Jersey Workers Compensation Act, N.J.S.A. 34:1 5-8.

## NINTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel and/or unclean hands.

## TENTH SEPARATE DEFENSE

Plaintiff's Amended Complaint may be barred in whole or in part because the Court lacks jurisdiction, including, but not limited to, subject matter jurisdiction, over the claims asserted

therein, and Defendants reserve the right to move at or before the time of trial to dismiss the same.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part because there is no individual liability.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part because Defendants were not Plaintiff's employer.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part because attorneys' fees are not provided for as damages under the applicable law.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

## RESERVATION OF RIGHTS

Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, that Plaintiff's Amended Complaint be dismissed with prejudice, and that Defendants be awarded costs, interest, attorneys' fees, as allowed by law, and other such relief as this Court deems appropriate.

## DEMAND PURSUANT TO RULE 4:18-2

Defendants hereby demand true and correct copies of any and all documents or papers referred to in Plaintiff's Amended Complaint within five (5) days after service of the within demand pursuant to R. 4:18-2.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Sandra S. Moran, Esquire and Kelly L. Saarela, Esquire are hereby designated as trial counsel for Defendants in this action.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify pursuant to R. 4:5-1 that this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is currently contemplated. Further, at this time, the undersigned knows of no additional parties who should be joined in this action.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in accordance with R. 1:38-7(b).

> BUCHANAN INGERSOLL & ROONEY PC
> Attorneys for Defendants
>
> By:_____
> Sandra S. Moran
> Kelly L. Saarela

Dated:  November 21, 2011

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800
Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and CareOne Management, LLC (improperly pled as a/k/a Care
One, LLC)

| | |
|---|---|
| MOHAMED BOCKARIE, <br><br>             Plaintiff, <br><br> vs. <br><br> 1621 ROUTE 22 WEST OPERATING COMPANY, LLC D/B/A SOMERSET VALLEY REHABILITATION AND NURSING CENTER, DOREEN ILLIS,  CAREONE MANAGEMENT LLC a/k/a CAREONE, LLC, ABC CORP. 1-5 (fictitious corporations whose names are not known), AND JOHN DOES 1-5 (fictitious individuals whose names are not known), <br><br>             Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  SOMERSET COUNTY <br><br> DOCKET NO.: SOM-L-1334-11 <br><br> CIVIL ACTION <br><br> **CERTIFICATE OF SERVICE** |

SANDRA S. MORAN, of full age, hereby certifies as follows:

       1.     I am an attorney at law admitted to practice in the State of New Jersey and Shareholder at the law firm of Buchanan Ingersoll & Rooney PC, counsel for defendants 1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and Nursing Center, Doreen Illis, and CareOne Management, LLC (improperly pled as a/k/a Care One, LLC).

       2.     On this date, I caused to be served via hand delivery a true and correct copy of the Answer to First Amended Complaint and Separate Defenses upon the Clerk of the Superior Court.

3.      Also, on this date, I caused to be served via facsimile and regular mail a true and correct copy of the Answer to First Amended Complaint and Separate Defenses upon the following:

Robert Chapin, Esquire
Montgomery Chapin and Fetten, P.C.
745 Route 202/206, Suite 101
Bridgewater, New Jersey 08807
Facsimile: 908-203-8839

Attorneys for Plaintiff

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SANDRA S. MORAN

Dated: November 21, 2011

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Sandra S. Moran, Esquire | (609) 987-6800 | Somerset |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
| --- | --- |
| Buchanan Ingersoll & Rooney, P.C. | L-1334-11 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 700 Alexander Park, Suite 300 | Answer to Amended Complaint |
| Princeton, NJ 08540 | JURY DEMAND ■ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| 1621 Route 22 West Operating Company, LLC, Care One Management, LLC and Doreen Illis | Mohamed Bockarie v. 1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and Nursing Center, Doreen Illis, Care One Management, LLC |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
| --- | --- |
| 616 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| ☐ YES ■ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
| --- | --- |
| ☐ Yes ■ No | ■ NONE ☐ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
| --- |

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
| --- | --- |
| ■ Yes ☐ No | ■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) |
| | ☐ FAMILIAL ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ No |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- |
| ☐ Yes ■ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ Yes ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Sandra S. Moran*

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | |
|---|---|
| 280 ZELNORM | 290 POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 STRYKER TRIDENT HIP IMPLANTS | 291 PELVIC MESH/GYNECARE |
| 288 PRUDENTIAL TORT LITIGATION | 292 PELVIC MESH/BARD |

**Mass Tort (Track IV)**

| | |
|---|---|
| 248 CIBA GEIGY | 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 HORMONE REPLACEMENT THERAPY (HRT) | 282 FOSAMAX |
| 271 ACCUTANE | 283 DIGITEK |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 284 NUVARING |
| 275 ORTHO EVRA | 286 LEVAQUIN |
| 277 MAHWAH TOXIC DUMP SITE | 287 YAZ/YASMIN/OCELLA |
| 278 ZOMETA/AREDIA | 601 ASBESTOS |
| 279 GADOLINIUM | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

# Exhibit 3

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800

Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and Care One Management, LLC (improperly pled as a/k/a Care
One, LLC)

| | |
|---|---|
| MOHAMED BOCKARIE,<br><br>Plaintiff,<br><br>v.<br><br>1621 ROUTE 22 WEST OPERATING<br>COMPANY, LLC d/b/a SOMERSET<br>VALLEY REHABILITATION AND<br>NURSING CENTER, CAREONE<br>MANAGEMENT LLC a/k/a CAREONE<br>LLC, DOREEN ILLIS, ABC CORP, 1-5<br>(Fictitious corporations whose names are not<br>known), AND JOHN DOES 1-5 (fictitious<br>individuals whose names are not known),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>DOCKET NO. SOM-L-1334-11<br><br>CIVIL ACTION<br><br>**NOTICE OF MOTION**<br><br> |

**TO:**   Robert C. Chapin, Esquire
Montgomery, Chapin & Fetten, P.C.
745 Route 202/206, Suite 101
Bridgewater, NJ 08807

**PLEASE TAKE NOTICE** that on March 30, 2012, or as soon thereafter as counsel may

be heard, Defendants1621 Route 22 West Operating Co., LLC d/b/a Somerset Valley

Rehabilitation and Nursing Center, Care One Management, LLC (improperly pled as a/k/a

CareOne, LLC) and Doreen Illis (together "Defendants"), by and through their undersigned

counsel, will move in this Court, at the Somerset County Courthouse, 20 North Bridge Street,

Somerville, New Jersey, for an Order dismissing Plaintiff's Complaint pursuant to R. 4:6-2(a).

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Defendants will rely upon their Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction Over the Subject Matter Pursuant to R. 4:6-2(a).

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), oral argument is requested if opposition is received.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

BUCHANAN INGERSOLL & ROONEY PC
Attorneys for Defendants

By: _____
     Kelly L. Saarela
     Sandra S. Moran

Dated: March 14, 2012

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800

Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and Care One Management, LLC (improperly pled as a/k/a Care
One, LLC)

|  |  |
|---|---|
| MOHAMED BOCKARIE,<br><br>                Plaintiff,<br><br>        v.<br><br>1621 ROUTE 22 WEST OPERATING<br>COMPANY, LLC d/b/a SOMERSET<br>VALLEY REHABILITATION AND<br>NURSING CENTER, CAREONE<br>MANAGEMENT LLC a/k/a CAREONE<br>LLC, DOREEN ILLIS, ABC CORP, 1-5<br>(Fictitious corporations whose names are not<br>known), AND JOHN DOES 1-5 (fictitious<br>individuals whose names are not known),<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>DOCKET NO. SOM-L-1334-11<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF KELLY L.<br>SAARELA** |



RECEIVED
MAR 1 4 2012
CIVIL DIVISION
SOMERSET COUNTY

**KELLY L. SAARELA**, of full age, hereby certifies as follows:

1.     I am an attorney-at-law of the State of New Jersey, and an associate in the law

firm of Buchanan Ingersoll & Rooney PC, attorneys for 1621 Route 22 West Operating

Company, LLC d/b/a Somerset Valley Rehabilitation and Nursing Center, Doreen Illis, and Care

One Management, LLC (improperly pled as a/k/a Care One, LLC) ("Defendants").  This

Certification is based on facts within my personal knowledge and/or upon records of regularly

pursuant to R. 4:6-2(a), to dismiss Plaintiff's Complaint for lack of jurisdiction over the subject matter.

2.     On September 30, 2011, Plaintiff filed an Amended Complaint in Somerset County under Docket Number SOM-L-1134-11 alleging various causes of action against Defendants. A true and correct copy of the September 30, 2011 Complaint is attached hereto as **Exhibit A**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KELLY L. SAARELA

Dated: March 14, 2012

# Exhibit A

ATTORNEYS AT LAW
# MONTGOMERY, CHAPIN & FETTEN, P.C.
### A PROFESSIONAL CORPORATION

ROBERT C. CHAPIN
GLENN A. MONTGOMERY
JOHN S. FETTEN

745 ROUTE 202/206
SUITE 101
BRIDGEWATER, NJ 08807
(908)-203-8833
(908)-203-8839 FAX

GARY AHLADIANAKIS
CHARONE S. FRANKEL
TINA MA

BRUCE R. FADEM, Of Counsel

September 28, 2011

Buchanan Ingersoll Rooney, PC
700 Alexander Park, Suite 300
Princeton, NJ 08540-6347

Attn: Sandra S. Moran, Esq.

Re:   Bockarie vs. 1621 Route 22 West Operating Company, LLC, etc., et al
      Docket No: SOM-L-1134-11
      Our File No. GP 19690-3

Dear Ms. Moran:

Enclosed herewith you will find an Amended Complaint and Jury Demand. The only difference between this compliant and the original one is the inclusion of the name of Doreen Illis in the caption.   Ms. Illis was referenced as a defendant in the original complaint but her name was inadvertently omitted from the caption.

Please advise if you will be answering on her behalf.

Very truly yours,

MONTGOMERY, CHAPIN & FETTEN, P.C.

By

Robert C. Chapin

RCC/l

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

---

MOHAMED BOCKARIE,

    Plaintiff,

  vs.

1621 ROUTE 22 WEST OPERATING
COMPANY, LLC d/b/a SOMERSET
VALLEY REHABILITATION AND
NURSING CENTER, DOREEN ILLIS,
CAREONE MANAGEMENT LLC a/k/a
CAREONE, LLC, ABC CORP. 1-5 (fictitious
corporations whose names are not known),
AND JOHN DOES 1-5 (fictitious
individuals whose names are not known),

    Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY
DOCKET NO. SOM-L-1334-11

Civil Action

**AMENDED COMPLAINT
AND JURY DEMAND**

---

   The plaintiff, Mohamed Bockarie, residing at 113 Winding Wood Drive, Apartment 5B,

Sayreville, New Jersey, by way of Complaint against defendants, 1621 Route 22 West Operating

Company, LLC, d/b/a Somerset Valley Rehabilitation and Nursing Center, CareOne Management

LLC a/k/a CareOne LLC, ABC Corp. 1-5 (fictitious corporations whose names are not known), and

John Does 1-5 (fictitious individuals whose names are not known), says:

1.  Plaintiff, Mohamed Bockarie, resides at 113 Winding Wood Drive, Apartment 5B,

Sayreville, New Jersey.

2.      Defendant, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley

Rehabilitation and Nursing Center, is a limited liability company authorized to do business

in New Jersey and has a business location at 1621 Route 22 West, Bound Brook, New Jersey.

3.      Defendant, CareOne Management LLC a/k/a CareOne LLC is a limited liability company

authorized to do business in New Jersey and has a principle office location at 173 Birch

Plaza North, Fort Lee, New Jersey.

4.      Defendant, Doreen Illis, is an individual employed by defendant as an administrator at

Somerset Valley Rehabilitation and Nursing Center.

5.      Plaintiff became employed by defendants as a licensed practical nurse in 2009 at its Holmdel

facility.

6.      On or about September 2010, plaintiff received a phone call from Doreen Illis, administrator

at Somerset Valley Rehabilitation and Nursing Center, requesting plaintiff transfer from the

CareOne at Holmdel facility to Somerset Valley Rehabilitation and Nursing Center (herein

after "Somerset Valley Rehabilitation").

7.      In the same telephone conversation, defendant Illis indicated she wanted plaintiff transferred

to the Somerset Valley Rehabilitation facility in order to aid in defendants' petition for a

union re-election and to vote against the union in the event that a re-election was ordered.

8.      Pursuant to defendant Illis' instructions, plaintiff filed a request for transfer from CareOne

at Holmdel to Somerset Valley Rehabilitation.  The transfer was completed on or about

October 25, 2010.

9.      From October 2010 to December 2010, plaintiff communicated with defendant Illis in

person, by telephone, and through text messages every day.  Defendant Illis would question

plaintiff about his co-workers and attempt to gather information regarding other employees at the Somerset Valley Rehabilitation facility and their union activities.

10.   During some of these conversations, defendant, Illis would ask plaintiff which employees should be terminated in order to secure a favorable union re-election vote at the Somerset Valley facility.

11.   In or about December 2010, plaintiff advised defendant Illis he did not feel right about providing the information that she was requesting in regards to plaintiff's Somerset Valley Rehabilitation co-workers.

12.   Subsequent to the conversation in December 2010, defendant Illis' conduct changed towards plaintiff.

13.   In February 2011, defendant Illis approached plaintiff and told him to take the day off in order to attend the nearby union meeting so he could inform her as to which Somerset Valley employees were in attendance at the meeting.  Plaintiff refused.

14.   Subsequent to this conversation, defendant Illis' conduct and actions towards plaintiff became more rough and defendant openly displayed a less than friendly attitude towards plaintiff.

15.   During plaintiff's employment at the Somerset Valley facility, plaintiff was never written up or disciplined regarding his work performance.

16.   In May 2011, plaintiff was called into a meeting with defendant Illis, in which he was advised he was suspended from work in relation to administering a suppository to a patient.

17.   Although defendant Illis told plaintiff she would investigate the incident, defendants never took plaintiff's statement regarding the incident nor did they interview any witnesses that were present during the incident.

18.   On May 24, 2011, a letter was sent to plaintiff advising him that he was terminated from employment from Somerset Valley Rehabilitation and Nursing Center.  The letter advised plaintiff the reason for his termination was plaintiff's "failure to perform the essential functions of [his] job as more particularly described during our conversation." The letter was signed by defendant Illis.

## FIRST COUNT

Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth herein.

19.   Plaintiff reasonably believed that defendants' request that plaintiff participate in anti-union activities, including spying and reporting on co-workers at the Somerset Valley Rehabilitation and Nursing Center regarding the union activities, was a violation of the law.

20.   In or about 2010, plaintiff made clear he would not participate in any anti-union activities on behalf of defendants.

21.   Subsequent to plaintiff's refusal to join in defendant's anti-union activities, plaintiff was terminated from his employment at Somerset Valley Rehabilitation and Nursing Center.

22.   Defendant Doreen Illis was, at all times, acting as the agent, servant, and employee of defendants, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center and CareOne Management, LLC a/k/a CareOne LLC and was exercising actual or apparent authority granted to her by virtue of her position as administrator.

23.   Defendants' actions in terminating plaintiff's employment for refusal to participate in their anti-union activities constitutes a violation of the Conscientious Employee Protection Act (hereinafter "CEPA").

WHEREFORE , plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## SECOND COUNT

24.    Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

25.    Defendants' actions in terminating plaintiff's employment in retaliation for his refusal to participate in illegal anti-union activities is a clear violation of public policy.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## THIRD COUNT

26.    Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

27.    During plaintiff's employment at Somerset Valley Rehabilitation and Nursing Center, the administrator position was held by defendant, Doreen Illis.

28.    Defendant Illis aided and abetted conduct by the employer that were perceived illegal anti-union activities.

29.    The actions of defendant, Doreen Illis, in terminating plaintiff's employment based on his refusal for participating in defendants' illegal anti-union activities, was aiding and abetted defendants' violation of CEPA.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## JURY DEMAND

Please take notice that plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Robert C. Chapin, Esq. is designated trial counsel for plaintiff.

## R.4:5-1 CERTIFICATION

Pursuant to the provisions of R.4:5-1, the undersigned hereby certifies that this matter is not the subject of any other action pending in any Court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all necessary parties have been joined in this action.

MONTGOMERY, CHAPIN & FETTEN

By: _____
      Robert C. Chapin

Dated:   September 9, 2011

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| Payment Type:    CK         CG         CA |
| CHG/CK No.: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name: Robert C. Chapin, Esq. | Telephone Number: (908) 203-8833 | County of Venue:   Somerset |
| --- | --- | --- |

| Firm Name (if applicable) MONTGOMERY, CHAPIN & FETTEN, P.C. | Docket Number: (When available) SOM-L-1134-11 |
| --- | --- |

| Office Address 745 ROUTE 202/206 SUITE 101 BRIDGEWATER, NEW JERSEY 08807 | Document Type: Amended Complaint |
| --- | --- |
| | Jury Demand:       _xx_ Yes              ____ No |

| Name of Party: (e.g. John Doe, Plaintiff) Mohamed Bockarie | Caption: Bockarie v. 1621 Route 22 West Operating Company, et al. |
| --- | --- |

| Case Type Number: (see reverse side for listing) 616 | Is this a professional malpractice case? ____ Yes    _xx_ No |
| --- | --- |
| | If you have checked "Yes," See N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an Affidavit of Merit. |

| Related Cases Pending: ___Yes _xx_ No | If yes, list Docket Numbers: |
| --- | --- |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?    ____ Yes    _xx_ No | Name of Defendant's Primary Insurance Company, if known: ____None    _XX_ Unknown |
| --- | --- |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A.  Do parties have a current, past or recurrent relationship? ____ Yes   _xx_No | If yes, is that relationship: __ Employer/Employee ___ Friend/Neighbor ____Familial       ____ Business    Other (explain) _____ |
| --- | --- |

B.  Does the statute governing this case provide for payment of fees by the losing party?   ____ Yes         _xx_No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Do you or your client need any disability accommodations?            ____Yes   _xx_No
If yes, please identify the requested accommodation:_____

Will an interpreter be needed?       ____Yes   _xx_ No      If yes, for what language:_____

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Attorney Signature:

SIDE 2

## CIVIL CASE INFORMATION STATEMENT
### (CIS)
#### Use for initial pleadings (not motions) under Rule 4:5-1

CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I - 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM OR UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (Briefly describe nature of action) |

Track II - 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT - OTHER |

Track III - 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLE BLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

Track IV - Active Case Management by Individual Judge/450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

Centrally Managed Litigation (Track IV)
| | | | |
|---|---|---|---|
| 280 | ZELNORM | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 291 | PELVIC MESH/GYNECARE |
| 288 | PRUDENTIAL TORT LITIGAITON | 292 | PELVIC MESH/BARD |
| 289 | REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |

Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE/ISOTRETINOIN | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 278 | ZOMETA/AREDIA | 287 | YAZ.YASMIN/OCELLA |
| 279 | GADOLINIUM | 601 | ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

____ Verbal Threshold     ____ Putative Class Action     ____ Title 59

MOHAMED BOCKARIE,

                    Plaintiff,

       v.

1621 ROUTE 22 WEST OPERATING
COMPANY, LLC d/b/a SOMERSET
VALLEY REHABILITATION AND
NURSING CENTER, CAREONE
MANAGEMENT LLC a/k/a CAREONE
LLC, DOREEN ILLIS, ABC CORP, 1-5
(Fictitious corporations whose names are not
known), AND JOHN DOES 1-5 (fictitious
individuals whose names are not known);

                 Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY
DOCKET NO. SOM-L-1334-11

CIVIL ACTION



RECEIVED

MAR 1 4 2012

CIVIL DIVISION
SOMERSET COUNTY

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER
PURSUANT TO <u>R.</u> 4:6-2(a)**

---

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800

Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a
Somerset Valley Rehabilitation and Nursing Center,
Doreen Illis, and Care One Management, LLC
(improperly pled as a/k/a Care One, LLC)

<u>Of Counsel and On the Brief:</u>
Sandra S. Moran
Kelly L. Saarela

i

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ..................................................................3

**I.    STATEMENT OF FACTS**..................................................................4

**II.   ARGUMENT**..................................................................................5

     (a)    Plaintiff's Complaint Must Be Dismissed Based on the Applicable Motion to
            Dismiss Standard. ....................................................................5

     (b)    Plaintiff's Claims Based Upon His Alleged Refusal to Participate in Management
            Directed Anti-Union Activity Must Be Dismissed for Lack of Jurisdiction Over
            the Subject Matter Because The Claims are Subject to Garmon Preemption..........5

**III.   CONCLUSION** ..............................................................................8

i

## TABLE OF AUTHORITIES

**Cases**

Best W. Motor Inn, 281 NLRB 203 (1986) ..................................................................7, 8

Gilbert v. Gladden, 87 N.J. 275 (1981) ............................................................................ 5

Int'l Longshoremen's Ass'n v. Davis, 476 U.S. 380 (1986) ............................................. 6

Kilb v. First Student Transp., LLC, 236 P.3d 968 (Wash. App. 2010) ............................ 7

Lewis v. Whirlpool Corp., 630 F.3d 484 (6th Cir. 2011) ..............................................7, 8

Prof'l Med. Transp., Inc, 346 NLRB 1290 (2006) ........................................................... 7

Radai v. First Transit, 2011 WL 2038762, **3-4 (D.N.J. May 25, 2011)....................... 7

San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S. Ct. 773 (1959) .............. 3, 5

Taylor v. Nat'l Car Rental Sys., Inc., 2009 WL 3260622, *3 (D.N.J. Oct. 9, 2009) ................. 5, 6

Union Ink Co., Inc., v. AT&T Corp., 352 N.J. Super. 617 (App. Div. 2002) ................................ 5

Voilas v. Gen. Motors Corp., 170 F.3d 367 (3d Cir. 1999)......................................................... 6, 7

Wright v. Nesor Alloy Corp., 2006 WL 2830969, **6-10 (D.N.J. Sept. 29, 2006)...................... 6

**Statutes**

29 U.S.C. §§ 151............................................................................................................. 3

29 U.S.C. §158(a)(1)(2)(3) ............................................................................................. 7

N.J.S.A. 34:19-1.............................................................................................................. 3

**Publications**

R. 4:6-2 of the New Jersey Rules of Court .................................................................... 3, 5

## PRELIMINARY STATEMENT

Defendants 1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and Nursing Center ("Somerset Valley"), Care One Management, LLC (improperly pled as "a/k/a Care One, LLC") and Doreen Illis ("Ms. Illis") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their motion to dismiss Plaintiff's Complaint pursuant to Rule 4:6-2(a) for lack of jurisdiction over the subject matter.

Plaintiff Mohamed Bockarie's Complaint asserts three counts against Defendants, alleging violations of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et seq., and New Jersey common law.  Plaintiff's claims are based entirely on the allegation that he was terminated for his refusal to engage in anti-union activities.

As set forth below, the Court lacks subject matter jurisdiction over the entirety of Plaintiff's Complaint because his claims are preempted by the National Labor Relations Act ("NLRA" or the "Act"), 29 U.S.C. §§ 151 et. seq.  This type of preemption, known as San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S. Ct. 773 (1959) preemption, exists to protect the exclusive jurisdiction of the National Labor Relations Board ("NLRB") over unfair labor practices.  Any cause of action that concerns conduct arguably prohibited or protected by the NLRA is presumptively preempted.  *Sub judice*, Plaintiff alleges that he was terminated in retaliation for his refusal to engage in anti-union activity, including spying on, reporting the names of, and recommending for termination pro-union employees.  These allegations, if proven, involve conduct which is arguably prohibited by the NLRA.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's retaliation claims, and the Complaint must be dismissed in its entirety with prejudice.

## I.   STATEMENT OF FACTS[1]

In 2009, Plaintiff became employed by Defendants as a licensed practical nurse at its Holmdel facility.  See Certification of Kelly L. Saarela ("Saarela Cert."), **Exhibit A**, Plaintiff's Amended Complaint ("Compl.") at ¶ 5.  At all relevant times, defendant Doreen Illis was employed by Somerset Valley as the Administrator.  Id. at ¶ 4.

In 2010, Plaintiff alleges that he received a phone call from Ms. Illis requesting that Plaintiff transfer from the Holmdel facility to the Somerset Valley facility.  Id. at ¶ 6.  In that same conversation, Plaintiff claims that Ms. Illis indicated that she wanted Plaintiff transferred to Somerset Valley to aid in their efforts to petition for a union re-election and to vote against the union in the event of a re-election.  Id. at ¶ 7.  Pursuant to Ms. Illis's alleged request, Plaintiff was transferred to Somerset Valley on or about October 25, 2010.  Id. at ¶ 8.

Between October and December 2010, Plaintiff claims that Ms. Illis would communicate with Plaintiff on a daily basis in an effort to gather information regarding the union activities of other employees.  Id. at ¶ 9.  Plaintiff also claims that Ms. Illis would ask Plaintiff which employees should be terminated in order to secure a favorable union re-election vote.  Id. at ¶ 10.

After three months of this alleged daily questioning, Plaintiff claims that he advised Ms. Illis that he was uncomfortable providing information regarding his fellow employees union activities.  Id. at ¶ 11.  However, Ms. Illis supposedly persisted and in February 2011, she asked Plaintiff to take the day off and attend a nearby union meeting so he could inform her as to which employees were in attendance.  Id. at ¶ 13  Plaintiff refused to attend the meeting.  Id.  After this refusal, Plaintiff claims that he noticed that Ms. Illis' conduct and disposition negatively changed towards him.  Id. at ¶ 14.  In May 2011, Plaintiff was called into a meeting where he was advised

---

[1]   For purposes of this Motion only, Defendants set forth the facts as Plaintiff alleges them.  However, Defendants in no way admit – and indeed vigorously contest – Plaintiff's allegations.

4

by Ms. Illis that he was suspended from work for improperly administering a suppository. Id. at

¶ 16.  On May 24, 2011, Plaintiff received a signed letter from Ms. Illis terminating him from his

employment for "failure to perform essential job functions...." Id. at ¶18.

## II.    ARGUMENT

### (a)    Plaintiff's Complaint Must Be Dismissed Based on the Applicable Motion to Dismiss Standard.

Dismissal is mandated where, as in this case, the factual allegations of the complaint,

viewed in the light most favorable to the Plaintiff, are palpably insufficient to establish that the

court has jurisdiction over the subject matter. Union Ink Co., Inc., v. AT&T Corp., 352 N.J.

Super. 617, 628 (App. Div. 2002).  Pursuant to Rule 4:6-2 of the New Jersey Rules of Court, a

defendant may bring a motion to dismiss for: "(a) lack of jurisdiction over the subject matter. . ."

R. 4:6-2(a).  The issue of whether subject matter jurisdiction exists requires a threshold

determination by the court as to whether it is legally authorized to decide the question presented.

Gilbert v. Gladden, 87 N.J. 275, 280-281 (1981).  In the case of Garmon preemption, as

discussed in detail below, this requires the party asserting preemption to affirmatively

demonstrate that the cause of action concerns conduct that is actually or arguably protected by

the NLRA.  Taylor v. Nat'l Car Rental Sys., Inc., 2009 WL 3260622, *3 (D.N.J. Oct. 9, 2009).[2]

In this matter, Plaintiff's Complaint must be dismissed for lack of subject matter

jurisdiction because it involves conduct that is actually or arguably prohibited by the NLRA.

### (b)    Plaintiff's Claims Based Upon His Alleged Refusal to Participate in Management Directed Anti-Union Activity Must Be Dismissed for Lack of Jurisdiction Over the Subject Matter Because The Claims are Subject to Garmon Preemption.

In Garmon, 359 U.S. 236, the United States Supreme Court held that if an "activity is

arguably subject to §7 or §8 of the NLRA, the States, as well as the federal courts, must defer to

---

[2] Unpublished decisions cited in this Memorandum are submitted herewith at Exhibit 1.

the exclusive competence of the [NLRB]." Id. at 245.  Garmon preemption exists to protect the exclusive jurisdiction of the NLRB over claims of unfair labor practices. Voilas v. Gen. Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999) (citing Garmon, 359 U.S. at 242-44).  The preemption ensures a uniform, consistent, and centrally administered system of national labor law.  Id.  If a cause of action either **arguably** or **actually** implicates protected concerted activity under §7 or conduct that would be prohibited as an unfair labor practice under §8, the cause of action is preempted.  Id.; see also Taylor, 2009 WL 3260622, at *2.  The United States Supreme Court has defined arguably to mean:

> that the party claiming pre-emption is required to demonstrate that his case is one that the Board could legally decide in [the suing employee's] favor.  That is, a party asserting preemption must advance an interpretation of the Act that is not plainly contrary to its language and has not been authoritatively rejected by the courts or the Board. The party must then put forth enough evidence to enable the court to find that the Board reasonably could uphold a claim based on such interpretation.

Voilas, 170 F.3d at 379 (citing Int'l Longshoremen's Ass'n v. Davis, 476 U.S. 380, 395 (1986)). The party claiming preemption bears the burden of demonstrating that the challenged activity is arguably prohibited or protected by the NLRA.  Id.

Courts applying New Jersey law regularly have concluded that claims for retaliation and wrongful termination arising out of conduct either protected or prohibited by §§7 and 8 are preempted by the NLRA and subject to the exclusive jurisdiction of the NLRB.  See Wright v. Nesor Alloy Corp., 2006 WL 2830969, **6-10 (D.N.J. Sept. 29, 2006) (holding plaintiff's CEPA claim that he was terminated in retaliation for having invoked grievance rights under a collective bargaining agreement arguably involved NLRA §7 conduct and was thus subject to Garmon preemption); Taylor, 2009 WL 3260622, at **2-3 (dismissing plaintiff's claim that he was terminated as a result of union activities in violation of Paragraph 19 because claim was arguably

6

subject to § 7 or §8 of the NLRA and thus subject to the NLRB's exclusive jurisdiction); Radai v.

First Transit, 2011 WL 2038762, **3-4 (D.N.J. May 25, 2011) (dismissing plaintiffs' claim that

they were terminated for engaging in pro-union conduct because claim was arguably subject to §

7 or §8 of the NLRA).

In this case, Plaintiff's allegation that he was terminated for refusing to participate in

management directed anti-union activity is conduct that is arguably prohibited by the NLRA.

Section 8 of the NLRA enumerates prohibited labor practices, including, *inter alia*, making it an

unfair labor practice to "interfere with, restrain, or coerce employees in the exercise of the rights

guaranteed in section 7"; "to dominate or interfere with the formation or administration of any

labor organization"; and "by discrimination in hire or tenure of employment or any term or

condition of employment to encourage or discourage membership in any labor organization." 29

U.S.C. §158(a)(1)(2)(3). Courts have recognized that termination arising out of an employee's

refusal to engage in anti-union activity arguably implicates prohibited conduct under §8. See

Lewis v. Whirlpool Corp., 630 F.3d 484, 486-89 (6th Cir. 2011); Kilb v. First Student Transp.,

LLC, 236 P.3d 968 (Wash. App. 2010) (plaintiff's claim of wrongful discharge because he was

unwilling to terminate pro-union employees and engage in management's anti-union efforts was

preempted by NLRA). Similarly, Board determinations demonstrate that termination for anti-

union activity is the type of claim the Board could legally decide and uphold. See Best W.

Motor Inn, 281 NLRB 203 (1986) (employer committed unfair labor practice by discharging

employee for refusing to engage in anti-union activity that included instruction to keep "eyes and

ears open" regarding employee union activity); see also Prof'l Med. Transp., Inc, 346 NLRB

1290 (2006) (employer committed unfair-labor practice by terminating employee who engaged

in pro-union activity and encouraged fellow managers not to engage in anti-union activity).

7

In order to prove his retaliation claims, Plaintiff must show that he was terminated for refusing to engage in anti-union conduct. His alleged refusal to continue to inform Ms. Illis about the union sentiments of employees, unwillingness to recommended certain employees for termination based on their union sentiments, and reluctance to spy on employees at a union meeting forms the crux of Plaintiff's claims. This conduct and his subsequent termination are, at a bare minimum, arguably prohibited by §8 of the NLRA. See, e.g., Lewis, 630 F.3d at 486-89 (wrongful termination action preempted where the sole and dispositive inquiry was whether the plaintiff was terminated for the failure to commit unfair labor practices by refusing to "build a case" to terminate two pro union employees). In fact, the complained of conduct is identical to that which the Board would consider in deciding an unfair labor practice claim. Best W. Motor Inn, 281 NLRB 203 (1986). Therefore, Plaintiff's claims are subject to the exclusive jurisdiction of the NLRB and cannot be adjudicated by this court.

## III.   CONCLUSION

For the reasons set forth herein, this Court lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: _____
      Kelly L. Saarela
      Sandra S. Moran

Dated: March 14, 2012

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800

Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and Care One Management, LLC (improperly pled as a/k/a Care
One, LLC)

| | |
|---|---|
| MOHAMED BOCKARIE,<br><br>Plaintiff,<br><br>v.<br><br>1621 ROUTE 22 WEST OPERATING COMPANY, LLC d/b/a SOMERSET VALLEY REHABILITATION AND NURSING CENTER, CAREONE MANAGEMENT LLC a/k/a CAREONE LLC, DOREEN ILLIS, ABC CORP, 1-5 (Fictitious corporations whose names are not known), AND JOHN DOES 1-5 (fictitious individuals whose names are not known),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>DOCKET NO. SOM-L-1334-11<br><br>CIVIL ACTION<br><br>**CERTIFICATE OF SERVICE** |

**KELLY L. SAARELA,** of full age, certifies as follows:

1.      I am an associate with the law firm of Buchanan Ingersoll & Rooney PC.

2.      On this date I caused to be served, via UPS, a true and correct copy of

Defendants' Notice of Motion to Dismiss and supporting documentation, together with this

Certification of Service, upon Plaintiff's counsel:

> Robert C. Chapin, Esquire
> Montgomery, Chapin & Fetten, P.C.
> 745 Route 202/206, Suite 101
> Bridgewater, NJ 08807

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_Lauren Wood_

for Kelly L. Saarela

Dated: March 14, 2012

2

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800

Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and Care One Management, LLC (improperly pled as a/k/a Care
One, LLC)

|  |  |
|---|---|
| MOHAMED BOCKARIE,<br><br>               Plaintiff,<br><br>      v.<br><br>1621 ROUTE 22 WEST OPERATING<br>COMPANY, LLC d/b/a SOMERSET<br>VALLEY REHABILITATION AND<br>NURSING CENTER, CAREONE<br>MANAGEMENT LLC a/k/a CAREONE<br>LLC, DOREEN ILLIS, ABC CORP, 1-5<br>(Fictitious corporations whose names are not<br>known), AND JOHN DOES 1-5 (fictitious<br>individuals whose names are not known),<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>DOCKET NO. SOM-L-1334-11<br><br>         CIVIL ACTION<br><br>          **ORDER** |

       **THIS MATTER,** having been opened to the Court by Buchanan Ingersoll & Rooney PC,

attorneys for Defendants 1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley

Rehabilitation and Nursing Center, Care One Management, LLC, and Doreen Illis

("Defendants"), for an Order dismissing Plaintiff's Complaint; the Court having considered the

papers submitted by the parties and having heard the arguments of counsel, and good cause

having been shown,

       **IT IS** on this _____ day of _____, 2012,

**ORDERED:**

1.      Plaintiff's Complaint is hereby dismissed with prejudice.

2.      A copy of this Order shall be served upon all counsel within 7 days from the date

of this Order.

_____
                                                                    , J.S.C.

_____OPPOSED
_____UNOPPOSED

# Exhibit 4

ATTORNEYS AT LAW
# MONTGOMERY, CHAPIN & FETTEN, P.C.
A PROFESSIONAL CORPORATION

ROBERT C. CHAPIN
GLENN A. MONTGOMERY
JOHN S. FETTEN

GARY AHLADIANAKIS
JOHAN A. OBREGON

745 ROUTE 202/206
SUITE 101
BRIDGEWATER, N.J 08807
(908)-203-8833
(908)-203-8839 FAX

BRUCE R. FADEM, Of Counsel

April 3, 2012

Honorable John J. Coyle, Jr., J.S.C.
Superior Court of New Jersey
Somerset County Courthouse
40 North Bridge Street
Somerville, New Jersey 08876

Re:    Bockarie vs. 1621 Route 22 West Operating Company, LLC, etc., et al
       Docket No: SOM-L-1134-11
       Our File No. GP 19690-3

Dear Judge Coyle:

This office represents the plaintiff, Muhammad Bockarie, in connection with the above referenced matter currently pending in Somerset County. Please accept this letter brief in lieu of a more formal brief as qualified opposition to the motion to dismiss filed by defendants in this matter. The motion is currently returnable on April 13, 2012. Further, this office adopts and incorporates the statement of facts as outlined in the defendant's brief in support of their motion.

Subject matter jurisdiction involves the threshold determination as to whether the court is legally authorized to decide the question presented. Caroll v. United Airlines, Inc., 325 N.J. Super 353, 357 (App. Div. 1999) (citing Gilbert v. Gladden, 87 N.J. 275, 280-281 (1981)). It concerns the forum or venue in which such jurisdiction is established by statute or rule. Caroll, supra at 357. The instant matter before the court concerns a wrongful termination and violations of the Conscientious Employee Protection Act within the State of New Jersey. As such, this court has proper subject manner jurisdiction.

The defendants maintain that the court is preempted from hearing this matter as it falls under the exclusive jurisdiction of the National Labor Relations Board (hereinafter "NLRB"). Defendants further maintain that the conduct and subsequent termination of the plaintiff, in the instant matter, are "arguably" prohibited by Section 7 and Section 8 of the National Labor Relations Act (hereinafter "NLRA") and as such, the matter is preempted from being heard by this court. However, the defendant's arguments are misguided. While Federal Case Law does state that "when an activity is arguably subject to Section 7 or Section 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of the state

interference with national policy is to be averted." San Diego Bldg. Trades Counsel, Millmen's Union Local 2020 v. Garmin, 359 U.S. 236, 245 (1959). Section 8 of the NLRA maintains, *inter alia,* that it is an unfair labor practice:

1. To interfere with, restrain, or coerce employees in the exercise of their rights guaranteed in Section 7;

2. To dominate or interfere with the formation or administration of any labor organization ...; and

3. By discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization ...

29 U.S.C. Section 158(a)(1)(2)(3). In the instant matter, the plaintiff was not a member of the labor union, was he attempting to becoming a member of said union, nor was he a member of management. As such, the plaintiff was merely a stranger to the question of collective bargaining. The defendants requested that the plaintiff gather information and provide information as to which employees should be terminated in order to secure a favorable Union re-election vote. Upon plaintiff's refusal to provide such information, he was terminated. As a result, this matter does not fall within the exclusive jurisdiction of the NLRB as the plaintiff was neither a member of the labor union nor was he attempting to gain membership. Thus, this court is not preempted from adjudicating this matter.

Additionally, this matter must not be dismissed as the NLRB would not provide the plaintiff with an adequate remedy. Any remedy provided by the NLRB would not included compensatory and punitive damages against the defendant. Section 10(c) of the NLRA "authorizes the Board, when it has found the employer guilty of unfair labor practices, to require him to desist from such practices and to take such affirmative action, including reinstatement of employees with or without back pay, as will effectuate the policies of this Act (chapter). We think that this authority to order affirmative action does not go so far as to confer a punitive jurisdiction enabling the Board to inflict upon the employer any penalty it may choose because he is engaged in unfair labor practices, even though the Board be of the opinion that the policies of the Act might be effectuated by such an order." Consol. Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 235-36 (1938) (internal quotations omitted). As a result, the plaintiff should be provided the opportunity to proceed with this matter though this court. As an "administrative remedy is not necessarily adequate and therefore [...] the judicial remedy must be deemed to coexist, with the consequence that the employee has the option of proceeding either judicially or administratively. Lally v. Copygraphics, 173 N.J. Super. 162, 179 (App. Div. 1980) aff'd, 85 N.J. 668, 428 A.2d 1317 (1981). Furthermore, the plaintiff "has a judicially cognizable cause of action for compensatory and punitive damages against his employer for retaliatory discrimination and [...] such action is not preempted by any primary or exclusive agency jurisdiction..." Id. At 169. Thus, this matter can not be preempted by the NLRA, as the NLRB would not provide the plaintiff with the adequate remedies, including compensatory and punitive damages for the discrimination.

However, should this court agree with the defendants' position, that this court is preempted from hearing this matter, the case should be transferred to the NLRB pursuant to Rule 1:13-4 rather than

dismissed. It has been held that where the defense of lack of subject matter jurisdiction is based on exclusive initial agency jurisdiction, the action should be transferred to that agency pursuant to Rule 1:13-4 rather than dismissed. <u>See</u> <u>New Jersey Mfrs. Ins. Co. v. Blau</u>, 194 N.J. Super 27 (App. Div. 1984), confirmed after remand 199 N.J. Super 1 (App. Div. 1985); In Re: Contest of Dem Primary Election, 367 N.J. Super 261, 285 (App. Div. 2004). Should this court find that the instant matter is in fact preempted from being heard by this court as a result of the exclusive jurisdiction of the NLRB, then the matter must be transferred directly to the NLRB rather than simply being dismissed.

Thank you for your attention to this matter.

Respectfully submitted,

MONTGOMERY, CHAPIN & FETTEN

By: _____
      Robert C. Chapin

RCC/lbr
cc:    Buchanan Ingersoll Rooney, PC
       700 Alexander Park, Suite 300
       Princeton, NJ 08540-6347
       Attn: Sandra S. Moran, Esq.

ATTORNEYS AT LAW
# MONTGOMERY, CHAPIN & FETTEN, P.C.
A PROFESSIONAL CORPORATION

ROBERT C. CHAPIN
GLENN A. MONTGOMERY
JOHN S. FETTEN

GARY AHLADIANAKIS
JOHAN A. OBREGON

745 ROUTE 202/206
SUITE 101
BRIDGEWATER, N.J 08807
(908)-203-8833
(908)-203-8839 FAX

BRUCE R. FADEM, Of Counsel

April 4, 2012

Superior Court of New Jersey
Somerset County Courthouse
P.O. Box 8639
Somerville, NJ 08876

Re:   Bockarie vs. 1621 Route 22 West Operating Company, LLC, etc., et al
      Docket No: SOM-L-1334-11
      Our File No. GP 19690-3

Dear Sir/Madam:

Enclosed please find the following:

( ) Summons                              (x) **Notice of Cross Motion**
( ) Complaint                            (x) **Order(proposed form)**
( ) Third Party Complaint                ( ) Demand for Admissions
( ) Stipulation Extending Time           ( ) Substitution of Attorney
( ) Answer                               ( ) Release
( ) Request for Damages                  ( ) Stipulation of Dismissal
( ) Jury Demand                          ( ) Warrant to Satisfy Judgment
( ) Crossclaim                           (x) **Check in the sum of $30.00**
( ) Counterclaim                         (x) **Return Envelope**
( ) Interrogatories                      (x) **Kindly return a "filed" copy.**

Very truly yours,
MONTGOMERY, CHAPIN & FETTEN

By: _____
          Robert C. Chapin

RCC/JAO/lbr
Enc.
cc:   Buchanan Ingersoll Rooney, PC
      700 Alexander Park, Suite 300
      Princeton, NJ 08540-6347
      Attn: Sandra S. Moran, Esq.

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

---

| | |
|---|---|
| MOHAMED BOCKARIE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: SOMERSET COUNTY |
| Plaintiff, | DOCKET NO. SOM-L-1334-11 |
| vs. | |
| | Civil Action |
| 1621 ROUTE 22 WEST OPERATING | |
| COMPANY, LLC d/b/a SOMERSET | |
| VALLEY REHABILITATION AND | |
| NURSING CENTER, DOREEN ILLIS, | |
| CAREONE MANAGEMENT LLC a/k/a | **NOTICE OF CROSS MOTION** |
| CAREONE, LLC, ABC CORP. 1-5 (fictitious | |
| corporations whose names are not known), | |
| AND JOHN DOES 1-5 (fictitious | |
| individuals whose names are not known), | |
| | |
| Defendant. | |

---

TO:   Buchanan Ingersoll Rooney, PC
      700 Alexander Park, Suite 300
      Princeton, NJ 08540-6347
      Attn: Sandra S. Moran, Esq.

MOTION RETURNABLE:   **Friday, April 13, 2012 at 9:00 a.m.**

RELIEF SOUGHT:   Seeking an order to file a Second Amended Complaint.

CERTIFICATION IN LIEU OF AFFIDAVIT ANNEXED.

ORIGINAL NOTICE OF MOTION AND PROPOSED FORM OF ORDER FILED WITH THE COUNTY.

COPY OF NOTICE OF MOTION AND PROPOSED FORM OF ORDER MAILED TO ALL ATTORNEYS BY REGULAR MAIL AND VIA FACSIMILE.

                                    MONTGOMERY, CHAPIN & FETTEN

                                    By: Robert C. Chapin

Dated: April 4, 2012

## CERTIFICATION OF MAILING

I hereby certify that the original of the within Notice of Motion and attached Certification were filed with the Clerk of the Court of the County of Somerset.

I further certify that copies of the Notice of Motion and all supporting papers were served by ordinary first class mail and via facsimile upon the following counsel of record in accordance with Rule 1.5:

To:     Buchanan Ingersoll Rooney, PC
        700 Alexander Park, Suite 300
        Princeton, NJ 08540-6347
        Attn: Sandra S. Moran, Esq.
        Via facsimile 609-520-0360

MONTGOMERY, CHAPIN & FETTEN

By: _____
        Robert C. Chapin

Dated: April 4, 2012

## CERTIFICATION IN LIEU OF AFFIDAVIT

I, Robert C. Chapin, Esq., an attorney-at-law of the State of New Jersey of the law firm of Montgomery, Chapin & Fetten, on behalf of plaintiff, Mohamed Bockarie, hereby certify the following facts to be true:

1.    This case arises out of an unlawful termination of the plaintiff's, Mohamad Bockarie, employment for refusal to participate in the defendant's anti-union activities in and around September 2010 through May 2011.

2.    There has been a Complaint filed in this case and also an Amended Complaint.   The Amended Complaint named Doreen Illis as a defendant in this matter.

3.    The First Amended Complaint was filed as a result of the fact that counsel identified Ms. Illis acted in an individual capacity as an aider and abetter to the conduct by the plaintiff's employer that was perceived as illegal anti-union activity.

4.    Following further investigation of this matter, it has now come to our attention that in addition to the plaintiff being terminated as a result of his refusal to participate in anti-union activities, he was also not paid over-time for work he had completed in excess of 40 hours in a given week.

5.    In order to make certain to protect the interests of my client it is respectfully requested that the court issue an order permitting plaintiff to amend the Complaint to add a Fourth Count to the Complaint as a result of the defendants' failure to compensate the plaintiff for over-time work that he had done.

6.    A proposed form of Order is attached hereto permitting the filing of a Second Amended Complaint, and also attached hereto as Exhibit A is a proposed Second Amended Complaint.

7.      Annexed hereto as Exhibit B is a certification from Mohamad Bockarie confirming the allegations set forth in Count Four of the Second Amended Complaint.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

                                        MONTGOMERY, CHAPIN & FETTEN

                                        By: _____
                                             Robert C. Chapin

Dated: April 4, 2012

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

---

| | |
|---|---|
| MOHAMED BOCKARIE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: SOMERSET COUNTY |
| Plaintiff, | DOCKET NO. SOM-L-1334-11 |
| vs. | |
| | Civil Action |
| 1621 ROUTE 22 WEST OPERATING | |
| COMPANY, LLC d/b/a SOMERSET | |
| VALLEY REHABILITATION AND | |
| NURSING CENTER, DOREEN ILLIS, | **SECOND AMENDED COMPLAINT** |
| CAREONE MANAGEMENT LLC a/k/a | **AND JURY DEMAND** |
| CAREONE, LLC, ABC CORP. 1-5 (fictitious | |
| corporations whose names are not known), | |
| AND JOHN DOES 1-5 (fictitious | |
| individuals whose names are not known), | |
| | |
| Defendant. | |

---

The plaintiff, Mohamed Bockarie, residing at 113 Winding Wood Drive, Apartment 5B,

Sayreville, New Jersey, by way of Complaint against defendants, 1621 Route 22 West Operating

Company, LLC, d/b/a Somerset Valley Rehabilitation and Nursing Center, CareOne Management

LLC a/k/a CareOne LLC, ABC Corp. 1-5 (fictitious corporations whose names are not known), and

John Does 1-5 (fictitious individuals whose names are not known), says:

1.    Plaintiff, Mohamed Bockarie, resides at 113 Winding Wood Drive, Apartment 5B,

Sayreville, New Jersey.



2.   Defendant, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center, is a limited liability company authorized to do business in New Jersey and has a business location at 1621 Route 22 West, Bound Brook, New Jersey.

3.   Defendant, CareOne Management LLC a/k/a CareOne LLC is a limited liability company authorized to do business in New Jersey and has a principle office location at 173 Birch Plaza North, Fort Lee, New Jersey.

4.   Defendant, Doreen Illis, is an individual employed by defendant as an administrator at Somerset Valley Rehabilitation and Nursing Center.

5.   Plaintiff became employed by defendants as a licensed practical nurse in 2009 at its Holmdel facility.

6.   On or about September 2010, plaintiff received a phone call from Doreen Illis, administrator at Somerset Valley Rehabilitation and Nursing Center, requesting plaintiff transfer from the CareOne at Holmdel facility to Somerset Valley Rehabilitation and Nursing Center (herein after "Somerset Valley Rehabilitation").

7.   In the same telephone conversation, defendant Illis indicated she wanted plaintiff transferred to the Somerset Valley Rehabilitation facility in order to aid in defendants' petition for a union re-election and to vote against the union in the event that a re-election was ordered.

8.   Pursuant to defendant Illis' instructions, plaintiff filed a request for transfer from CareOne at Holmdel to Somerset Valley Rehabilitation.  The transfer was completed on or about October 25, 2010.

9.  From October 2010 to December 2010, plaintiff communicated with defendant Illis in person, by telephone, and through text messages every day.  Defendant Illis would question plaintiff about his co-workers and attempt to gather information regarding other employees at the Somerset Valley Rehabilitation facility and their union activities.

10. During some of these conversations, defendant, Illis would ask plaintiff which employees should be terminated in order to secure a favorable union re-election vote at the Somerset Valley facility.

11. In or about December 2010, plaintiff advised defendant Illis he did not feel right about providing the information that she was requesting in regards to plaintiff's Somerset Valley Rehabilitation co-workers.

12. Subsequent to the conversation in December 2010, defendant Illis' conduct changed towards plaintiff.

13. In February 2011, defendant Illis approached plaintiff and told him to take the day off in order to attend the nearby union meeting so he could inform her as to which Somerset Valley employees were in attendance at the meeting.  Plaintiff refused.

14. Subsequent to this conversation, defendant Illis' conduct and actions towards plaintiff became more rough and defendant openly displayed a less than friendly attitude towards plaintiff.

15. During plaintiff's employment at the Somerset Valley facility, plaintiff was never written up or disciplined regarding his work performance.

16. In May 2011, plaintiff was called into a meeting with defendant Illis, in which he was advised he was suspended from work in relation to administering a suppository to a patient.

17.    Although defendant Illis told plaintiff she would investigate the incident, defendants never took plaintiff's statement regarding the incident nor did they interview any witnesses that were present during the incident.

18.    On May 24, 2011, a letter was sent to plaintiff advising him that he was terminated from employment from Somerset Valley Rehabilitation and Nursing Center. The letter advised plaintiff the reason for his termination was plaintiff's "failure to perform the essential functions of [his] job as more particularly described during our conversation." The letter was signed by defendant Illis.

## FIRST COUNT

Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth herein.

19.    Plaintiff reasonably believed that defendants' request that plaintiff participate in anti-union activities, including spying and reporting on co-workers at the Somerset Valley Rehabilitation and Nursing Center regarding the union activities, was a violation of the law.

20.    In or about 2010, plaintiff made clear he would not participate in any anti-union activities on behalf of defendants.

21.    Subsequent to plaintiff's refusal to join in defendant's anti-union activities, plaintiff was terminated from his employment at Somerset Valley Rehabilitation and Nursing Center.

22.    Defendant Doreen Illis was, at all times, acting as the agent, servant, and employee of defendants, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center and CareOne Management, LLC a/k/a CareOne LLC and was exercising actual or apparent authority granted to her by virtue of her position as administrator.

23.   Defendants' actions in terminating plaintiff's employment for refusal to participate in their

anti-union activities constitutes a violation of the Conscientious Employee Protection Act

(hereinafter "CEPA").

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive

damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable

and just.

## SECOND COUNT

24.   Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's

Complaint as if set forth at length herein.

25.   Defendants' actions in terminating plaintiff's employment in retaliation for his refusal to

participate in illegal anti-union activities is a clear violation of public policy.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages,

punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems

equitable and just.

## THIRD COUNT

26.   Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's

Complaint as if set forth at length herein.

27.   During plaintiff's employment at Somerset Valley Rehabilitation and Nursing Center, the

administrator position was held by defendant, Doreen Illis.

28.   Defendant Illis aided and abetted conduct by the employer that were perceived illegal anti-

union activities.

29.   The actions of defendant, Doreen Illis, in terminating plaintiff's employment based on his

refusal for participating in defendants' illegal anti-union activities, was aiding and abetted

defendants' violation of CEPA.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## FOURTH COUNT

29.     Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

30.     Plaintiff was a non-exempt employee and, as such, was entitled to be paid overtime at the rate of one and one half of his regular rate of pay for each hour worked over forty in a given week.

31.     Plaintiff was regularly required to work in excess of forty hours in a week and was not paid at all for the same.

Wherefore, Plaintiff demands judgment awarding him compensatory damages, punitive damages, interest, counsel fees and costs of suit.

## JURY DEMAND

Please take notice that plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Robert C. Chapin, Esq. is designated trial counsel for plaintiff.

## R.4:5-1 CERTIFICATION

Pursuant to the provisions of R.4:5-1, the undersigned hereby certifies that this matter is not the subject of any other action pending in any Court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all necessary parties have been joined in this action.

MONTGOMERY, CHAPIN & FETTEN

By: _____
                Robert C. Chapin

Dated:  April 4, 2012

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

| | |
|---|---|
| MOHAMED BOCKARIE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: SOMERSET COUNTY |
| Plaintiff, | DOCKET NO. SOM-L-1334-11 |
| | |
| vs. | Civil Action |
| | |
| 1621 ROUTE 22 WEST OPERATING | |
| COMPANY, LLC d/b/a SOMERSET | |
| VALLEY REHABILITATION AND | |
| NURSING CENTER, DOREEN ILLIS, | Certification of |
| CAREONE MANAGEMENT LLC a/k/a | **Mohamed Bockarie** |
| CAREONE, LLC, ABC CORP. 1-5 (fictitious | |
| corporations whose names are not known), | |
| AND JOHN DOES 1-5 (fictitious | |
| individuals whose names are not known), | |
| | |
| Defendant. | |

I, Mohamed Bockarie, the plaintiff in the within action hereby certify the following facts to be

true and correct to the best of my knowledge.

1.   From on, or about, October 25, 2010 to May 24, 2010 I was employed as a Licensed

Practical Nurse at Somerset Valley Rehabilitation.

2.   During the entire term of my employment as set forth above I was paid as an hourly

employee.

3.   During the entire term of my employment at Somerset Valley Rehabilitation my job

responsibilities included patient care as well as the completion of paperwork associated

with the same.

$\beta$

4.   The work load assigned to me was such that it was generally not possible to complete the patient care paperwork within the time constraints of the eight hour work shift.

5.   In spite of the fact that patient care paperwork was not completed by the end of the shift I was required to punch out and then remain until the paperwork was completed.

6.   As a result of the above I was required to work between one and two hours after the conclusion of my shift without being paid for the same on almost a daily basis.

7.   As a result of the above I regularly worked more then forty hours on a weekly basis and received no compensation whatsoever, regular or over-time, for five to ten hours of work each week.

8.   This certification is made in opposition to the pending motion by defendants to strike portions of my complaint and also in support of my cross-motion to amend the complaint to assert a claim for wages and overtime that was not paid to me.

I certify that the forgoing statements made by me are true and correct to the best of my knowledge. I am aware that if any of the forgoing statements made by me are wilfully false, I am subject to punishment.


Mohamed Bockarie

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

| | |
|---|---|
| MOHAMED BOCKARIE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: SOMERSET COUNTY |
| Plaintiff, | DOCKET NO. SOM-L-1334-11 |
| vs. | |
| | Civil Action |
| 1621 ROUTE 22 WEST OPERATING | |
| COMPANY, LLC d/b/a SOMERSET | |
| VALLEY REHABILITATION AND | |
| NURSING CENTER, DOREEN ILLIS, | **ORDER** |
| CAREONE MANAGEMENT LLC a/k/a | |
| CAREONE, LLC, ABC CORP. 1-5 (fictitious | |
| corporations whose names are not known), | |
| AND JOHN DOES 1-5 (fictitious | |
| individuals whose names are not known), | |
| Defendant. | |

This matter having been brought before the Court by the law firm of Montgomery, Chapin & Fetten on behalf of the plaintiff, Mohamed Bockarie, and the Court having reviewed the moving papers and for good cause having been shown;

IT IS on this _____ day of _____, 2012

ORDERED that the plaintiff be and hereby is permitted to file a Second Amended Complaint adding Count Four, for failure of the defendants to provide over-time pay to the plaintiff; and it is further

ORDERED that a copy of this Order be served upon all interested counsel within _____ days of the date hereof.

_____
J.S.C.

_____ OPPOSED
_____ UNOPPOSED

# Exhibit 5

## Buchanan Ingersoll &amp; Rooney PC
Attorneys &amp; Government Relations Professionals

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555

T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

Kelly L. Saarela
215 665 5305
kelly.saarela@bipc.com

April 10, 2012

**VIA HAND DELIVERY**

Honorable John J. Coyle, Jr., J.S.C.
Superior Court of New Jersey
Somerset County Courthouse
40 North Bridge Street
Somerville, New Jersey 00876

     **Re:**    **Bockarie v. 1621 Route 22 West Operating Company, LLC, etc. et al.**
              **Docket No. SOM L-1134-11**

Dear Judge Coyle:

     This firm represents defendants 1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and Nursing Center ("Somerset Valley"), Care One Management, LLC (improperly pled as "a/k/a Care One, LLC") and Doreen Illis ("Ms. Illis") (collectively "Defendants") in the above-referenced matter. Defendants filed a motion to dismiss Plaintiff's Complaint, returnable on April 13, 2012. On April 3, 2012, Plaintiff Mohamed Bockarie filed a letter brief in opposition to Defendants' motion to dismiss, as well as a motion for leave to amend the complaint to assert an additional cause of action. Please accept this letter brief in further support of Defendants' motion to dismiss and opposition to Plaintiff's motion for leave to amend.

     **I.**    **Defendants' Motion to Dismiss**

     In his opposition papers, Plaintiff does not dispute that <u>Garmon</u> preemption bars his Conscientious Employee Protection Act ("CEPA"), <u>N.J.S.A.</u> 34:19-1, <u>et seq.</u> and public policy claims if the causes of action concern conduct that is arguably prohibited by Section 7 and/or Section 8 of the National Labor Relations Act ("NLRA"). As set out fully in Defendants' brief in support of its motion to dismiss, case law and National Labor Relations Board ("NLRB" or "Board") law clearly indicate that the conduct of which Plaintiff complains, retaliation for refusing to engage in anti-union activity, is conduct that is arguably prohibited by Section 7 and Section 8 of the NLRA. Accordingly, <u>Garmon</u> preemption applies and Plaintiff's arguments to the contrary are meritless.

     First, Plaintiff's assertion that the instant matter does not fall within the exclusive jurisdiction of the NLRB because Plaintiff was neither a member of or attempting to gain admission to a labor organization is specious. The protections of the NLRA, as well as the Board's exclusive jurisdiction, apply to all "members of the working class," including non-union

April 10, 2012
Page - 2 -

members, foreign nationals, and, in limited circumstances, supervisors. See Citizens Invest. Servs. Corp. v. NLRB, 430 F.3d 1195 (D.C. Cir. 2005) (nonunionized employees may also engage in activity that is protected under the NLRA); E & L Transp. Co., 315 NLRB 303, 304 (1994) (noting that the Board has interpreted the term "employee" broadly to extend the protections of the Act to include members of the working class generally);[1] Giant Food Mkts., 241 NLRB 727, 728 n.5 (1979) (same); see also Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 891 (1984) (upholding Board's determination that undocumented aliens are statutory employees and observing that the breadth of the NLRA covers all employees regardless of union affiliation.). Plaintiff's position that a non-supervisory employee is not protected by the Act because he is a "stranger to the question of collective bargaining" is entirely unsupported by both Board and case law. Rather, the appropriate inquiry is whether Plaintiff's allegations concern conduct that is arguably prohibited by Section 7 and Section 8 of the NLRA. Refusal to engage in anti-union activity is conduct that is arguably prohibited by both Section 7 and Section 8 of the NLRA and, therefore, Garmon preemption applies. See San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959); Lewis v. Whirlpool Corp., 630 F.3d 484, 486-89 (6th Cir. 2011) (employee's claim that he was terminated for refusing to engage in anti-union activity is arguably subject to the NLRA and therefore preempted).

Moreover, Plaintiff's positions are logically inconsistent. In his Complaint, Plaintiff asserts a violation CEPA on the basis of his refusal to engage in anti-union activity, and in response to Defendant's motion to dismiss Plaintiff contends that the labor laws do not apply to him because he is a "stranger" to the union. Plaintiff cannot maintain both positions. Either the labor laws apply, in which case he is obligated to seek redress through the statutory process, or they do not, and he has no cognizable claim for refusing to engage in anti-union activity.

Second, Plaintiff's contention that the NLRB would not provide Plaintiff with an adequate remedy is immaterial and irrelevant to the analysis of whether Plaintiff's claims are preempted by the NLRA. The relevant determination is whether Garmon preemption applies to the conduct at issue. The purpose of the preemption is to limit a litigant's remedies to those awarded by the Board in order to ensure a uniform, consistent, and centrally administered system of national labor law. Voilas v. Gen. Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999). Moreover, the New Jersey Supreme Court has recognized the inappropriate nature of an award of compensatory or punitive damages where primary jurisdiction is vested in a federal agency. To allow the courts to award additional damages in such circumstances would encourage litigants to side step the statutory remedial scheme, and thus undermine the federal agency and preemption. Dewey v. B.J. Reynolds Tobacco Co., 121 N.J. 69, 88-89 (1990) (recognizing that the "Garmon Court was also concerned that the primary jurisdiction of the NLRB would be impaired if litigants were permitted to sidestep its remedial scheme by pursuing state-law claims."). The cases Plaintiff cites in support of the proposition that he can proceed with state causes of action instead of pursuing statutorily obligated remedies under the NLRA do not support Plaintiff's position and are entirely irrelevant. See Consol. Edison Co. of New York v. N.L.R.B., 305 U.S.

---

[1] Unpublished and NLRB decisions not cited in Defendants' opening papers are enclosed herewith.

April 10, 2012
Page - 3 -

197 (1938) (holding that the Board does not have the authority to void otherwise lawful contracts entered into by an employer because of the commission of unfair labor practices); Lally v. Copygraphics, 173 N.J. Super. 162, 1789 (App. Div. 1980) (holding that a litigant could elect to pursue either administrative or judicial remedies under state employment discrimination statutes).

Finally, Plaintiff provides no support for his position that the Court can transfer the case to the NLRB. Plaintiff fails to cite a single case where a New Jersey state court transferred an action before it to the NLRB, or even any federal agency, instead of dismissing the case. The cases Plaintiff cites all involve the transfer of preempted actions to New Jersey state agencies. This Court should follow the practice of both New Jersey state and federal courts and dismiss this action under the doctrine of Garmon preemption. See CFM Assocs., Inc. v. Int'l. Bhd. of Elec. Workers Local No. 269, 2010 WL 772841, *8 (N.J. Super. Mar. 3, 2010) (dismissing case because cause of action was preempted under Garmon); Taylor v. Nat'l Car Rental Sys., Inc., 2009 WL 3260622, *3 (D.N.J. Oct. 9, 2009) (same).

Based on the forgoing, and as set forth in Defendants' moving papers, Defendants respectfully request that Plaintiff's Complaint be dismissed.

II.     Plaintiff's Motion for Leave to Amend[2]

Plaintiff's motion for leave to amend the Complaint must be denied. The proposed Amended Complaint, specifically Count IV, would be subject to dismissal because Plaintiff has failed to adequately plead a claim.

Pursuant to R. 4:9-1 of the New Jersey Rules of Court, leave to amend a pleading should be "freely given in the interest of justice." Whether to grant a motion for leave to file an amended complaint "rests in the Court's sound discretion." Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quotation omitted). The exercise of that discretion entails a two-step process: "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Id. Thus, "the analysis is not complete until the requested amendment is examined to determine whether it is futile, that is, whether the amended claim will nonetheless fail and hence, allowing the amendment would be a useless endeavor." Id.

---

[2] Defendants note that this motion was not properly filed as a cross-motion pursuant to R. 1:6-3, which only allows for the filing of a cross motion with a party's opposition to a motion where the cross-motion relates to the subject matter of the original motion. In the instant action, the original motion related to the preemption of Plaintiff's retaliation and public policy claims. Plaintiff's motion for leave to amend concerns the addition of a wage and hour claim to Plaintiff's Complaint. The wage and hour claim in no way relates to Plaintiff's retaliation and public policy claims or their potential preemption. Accordingly, Defendants would be entitled to additional time to respond to Plaintiff's motion pursuant to R. 1:6:3(a). However, per your Chamber's request, Defendants are also including their response to Plaintiff's motion for leave to file a Second Amended Complaint herein.

April 10, 2012
Page - 4 -

"[C]ourts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. In other words, there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Id. A motion for leave to amend is decided under the same standard as a motion to dismiss for failure to state a claim. Webb v. Witt, 379 N.J. Super 18, 28 (App. Div. 2005). Under R. 4:6-2(e) of the New Jersey Rules of Court, dismissal is mandated where the allegations of the complaint are palpably insufficient to support a claim upon which relief may be granted. In the Matter of Prudential Ins. Co. Derivative Litig., 282 N.J. Super. 256, 268 (Ch. Div. 1995).

   *Sub judice*, the allegations contained in Count IV fail to satisfy New Jersey's notice pleading requirement. To be adequate, a pleading must contain "a statement of facts on which a claim is based, showing that the pleader is entitled to relief ... ." R. 4:5-2. Pleadings must also fairly apprise the adverse party of the claims and issues to be raised at trial. See Spring Motors Distribs., Inc. v. Ford Motor Co., 191 N.J. Super. 22, 29 (App. Div. 1983), aff'd in part and rev'd in part on other grounds, 98 N.J. 555 (1985). Count IV of Plaintiff's proposed Amended Complaint fails to notify Defendants of the basis for Plaintiff's claim, nor the facts which underlie such claim. The proposed Count IV does not even state the law upon which Plaintiff's claim is based. From the proposed Complaint, Defendants are unable to tell whether the claim is asserted under the federal Fair Labor Standards Act, the New Jersey Wage and Hour Law, both of these statutes, or some other statute or policy altogether. Moreover, Plaintiff does not plead the alleged period of the violation, and thus Defendants are unable to tell whether his claim is within the statute of limitations for such claims under any law. In aggregate, these inadequacies potentially deprive the Defendants of applicable defenses and fail to put them on notice as to the claims asserted.

   Thus, Plaintiff's proposed Amended Complaint fails at both stages of the analysis. Permitting leave to file the Amended Complaint as pled would both prejudice Defendant and is futile. Accordingly, Plaintiff's motion for leave must be denied.

   Thank you for Your Honor's consideration and attention to this matter.

Respectfully submitted,

*Kelly L. Saarela* C.H.

Kelly L. Saarela

MAF/kls

cc:    Clerk of Court (*via hand delivery*)
       Robert Chapin, Esquire (*via facsimile and U.S. mail*)

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800

Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and Care One Management, LLC (improperly pled as a/k/a Care
One, LLC)

|  |  |
|---|---|
| MOHAMED BOCKARIE,<br><br>                    Plaintiff,<br><br>          v.<br><br>1621 ROUTE 22 WEST OPERATING<br>COMPANY, LLC d/b/a SOMERSET<br>VALLEY REHABILITATION AND<br>NURSING CENTER, CAREONE<br>MANAGEMENT LLC a/k/a CAREONE<br>LLC, DOREEN ILLIS, ABC CORP, 1-5<br>(Fictitious corporations whose names are not<br>known), AND JOHN DOES 1-5 (fictitious<br>individuals whose names are not known),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>DOCKET NO. SOM-L-1334-11<br><br>CIVIL ACTION<br><br>**CERTIFICATE OF SERVICE** |

**KELLY L. SAARELA,** of full age, certifies as follows:

    1.    I am an associate with the law firm of Buchanan Ingersoll & Rooney PC.

    2.    On this date I caused to be served, via facsimile and U.S. Mail, a true and correct

copy of Defendants' Letter Brief in Further Support of Motion to Dismiss Plaintiff's Complaint

and in Opposition to Plaintiff's Motion for Leave to Amend the Complaint and supporting

documentation, together with this Certification of Service, upon Plaintiff's counsel:

                        Robert C. Chapin, Esquire
                        Montgomery, Chapin & Fetten, P.C.
                        745 Route 202/206, Suite 101
                        Bridgewater, NJ 08807

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Kelly L. Saarela

Dated: April 10, 2012

# Exhibit 6

ATTORNEYS AT LAW
# MONTGOMERY, CHAPIN & FETTEN, P.C.
A PROFESSIONAL CORPORATION

ROBERT C. CHAPIN
GLENN A. MONTGOMERY
JOHN S. FETTEN

GARY AHLADIANAKIS
JOHAN A. OBREGON

745 ROUTE 202/206
SUITE 101
BRIDGEWATER, N.J  08807
(908)-203-8833
(908)-203-8839 FAX

BRUCE R. FADEM, Of Counsel

April 13, 2012

VIA NJ LAWYERS SERVICE

Honorable John J. Coyle, Jr., J.S.C.
Superior Court of New Jersey
Somerset County Courthouse
40 North Bridge Street
Somerville, New Jersey 08876

Re:   Bockarie vs. 1621 Route 22 West Operating Company, LLC, etc., et al
      Docket No: SOM-L-1134-11
      Our File No. GP 19690-3

Dear Judge Coyle:

In accordance with our conversations in Chambers as well as representations placed upon the record on April 13, 2012, I have made changes to the proposed Second Amended Complaint which I believe now satisfies the objections of counsel for defendant.  I am, therefore, presenting the proposed Second Amended Complaint together with the form of Order permitting the filing of the same with the request that Your Honor sign the Order and return a copy to me in the envelope provided.

Very truly yours,
MONTGOMERY, CHAPIN & FETTEN, P.C.

By: _____
      Robert C. Chapin

RCC/lr
Encls.
cc:   Kelly A. Saarela, Esq.
      Buchanan Ingersoll Rooney, PC
      700 Alexander Park, Suite 300
      Princeton, NJ 08540-6347

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

---

MOHAMED BOCKARIE,

        Plaintiff,

vs.

1621 ROUTE 22 WEST OPERATING
COMPANY, LLC d/b/a SOMERSET
VALLEY REHABILITATION AND
NURSING CENTER, DOREEN ILLIS,
CAREONE MANAGEMENT LLC a/k/a
CAREONE, LLC, ABC CORP. 1-5 (fictitious
corporations whose names are not known),
AND JOHN DOES 1-5 (fictitious
individuals whose names are not known),

        Defendant.

---

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY
DOCKET NO. SOM-L-1334-11

Civil Action

**SECOND AMENDED COMPLAINT
AND JURY DEMAND**

---

The plaintiff, Mohamed Bockarie, residing at 113 Winding Wood Drive, Apartment 5B,

Sayreville, New Jersey, by way of Complaint against defendants, 1621 Route 22 West Operating

Company, LLC, d/b/a Somerset Valley Rehabilitation and Nursing Center, CareOne Management

LLC a/k/a CareOne LLC, ABC Corp. 1-5 (fictitious corporations whose names are not known), and

John Does 1-5 (fictitious individuals whose names are not known), says:

1.    Plaintiff, Mohamed Bockarie, resides at 113 Winding Wood Drive, Apartment 5B,

      Sayreville, New Jersey.

2.   Defendant, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center, is a limited liability company authorized to do business in New Jersey and has a business location at 1621 Route 22 West, Bound Brook, New Jersey.

3.   Defendant, CareOne Management LLC a/k/a CareOne LLC is a limited liability company authorized to do business in New Jersey and has a principle office location at 173 Birch Plaza North, Fort Lee, New Jersey.

4.   Defendant, Doreen Illis, is an individual employed by defendant as an administrator at Somerset Valley Rehabilitation and Nursing Center.

5.   Plaintiff became employed by defendants as a licensed practical nurse in 2009 at its Holmdel facility.

6.   On or about September 2010, plaintiff received a phone call from Doreen Illis, administrator at Somerset Valley Rehabilitation and Nursing Center, requesting plaintiff transfer from the CareOne at Holmdel facility to Somerset Valley Rehabilitation and Nursing Center (herein after "Somerset Valley Rehabilitation").

7.   In the same telephone conversation, defendant Illis indicated she wanted plaintiff transferred to the Somerset Valley Rehabilitation facility in order to aid in defendants' petition for a union re-election and to vote against the union in the event that a re-election was ordered.

8.   Pursuant to defendant Illis' instructions, plaintiff filed a request for transfer from CareOne at Holmdel to Somerset Valley Rehabilitation.  The transfer was completed on or about October 25, 2010.

9.   From October 2010 to December 2010, plaintiff communicated with defendant Illis in person, by telephone, and through text messages every day.  Defendant Illis would question plaintiff about his co-workers and attempt to gather information regarding other employees at the Somerset Valley Rehabilitation facility and their union activities.

10.   During some of these conversations, defendant, Illis would ask plaintiff which employees should be terminated in order to secure a favorable union re-election vote at the Somerset Valley facility.

11.   In or about December 2010, plaintiff advised defendant Illis he did not feel right about providing the information that she was requesting in regards to plaintiff's Somerset Valley Rehabilitation co-workers.

12.   Subsequent to the conversation in December 2010, defendant Illis' conduct changed towards plaintiff.

13.   In February 2011, defendant Illis approached plaintiff and told him to take the day off in order to attend the nearby union meeting so he could inform her as to which Somerset Valley employees were in attendance at the meeting.  Plaintiff refused.

14.   Subsequent to this conversation, defendant Illis' conduct and actions towards plaintiff became more rough and defendant openly displayed a less than friendly attitude towards plaintiff.

15.   During plaintiff's employment at the Somerset Valley facility, plaintiff was never written up or disciplined regarding his work performance.

16.   In May 2011, plaintiff was called into a meeting with defendant Illis, in which he was advised he was suspended from work in relation to administering a suppository to a patient.

17. Although defendant Illis told plaintiff she would investigate the incident, defendants never took plaintiff's statement regarding the incident nor did they interview any witnesses that were present during the incident.

18. On May 24, 2011, a letter was sent to plaintiff advising him that he was terminated from employment from Somerset Valley Rehabilitation and Nursing Center. The letter advised plaintiff the reason for his termination was plaintiff's "failure to perform the essential functions of [his] job as more particularly described during our conversation." The letter was signed by defendant Illis.

## FIRST COUNT

Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth herein.

19. Plaintiff reasonably believed that defendants' request that plaintiff participate in anti-union activities, including spying and reporting on co-workers at the Somerset Valley Rehabilitation and Nursing Center regarding the union activities, was a violation of the law.

20. In or about 2010, plaintiff made clear he would not participate in any anti-union activities on behalf of defendants.

21. Subsequent to plaintiff's refusal to join in defendant's anti-union activities, plaintiff was terminated from his employment at Somerset Valley Rehabilitation and Nursing Center.

22. Defendant Doreen Illis was, at all times, acting as the agent, servant, and employee of defendants, 1621 Route 22 West Operating Company LLC d/b/a Somerset Valley Rehabilitation and Nursing Center and CareOne Management, LLC a/k/a CareOne LLC and was exercising actual or apparent authority granted to her by virtue of her position as administrator.

29.    The actions of defendant, Doreen Illis, in terminating plaintiff's employment based on his refusal for participating in defendants' illegal anti-union activities, was aiding and abetted defendants' violation of CEPA.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorneys fees, costs of suit and interest, and any such other relief the court deems equitable and just.

## FOURTH COUNT

29.    Plaintiff repeats each and every allegation set forth in the preceding paragraphs of plaintiff's Complaint as if set forth at length herein.

30.    Plaintiff was a non-exempt employee and, as such, was entitled to be paid overtime at the rate of one and one half of his regular rate of pay for each hour worked over forty in a given week.

31.    Plaintiff was regularly required to work in excess of forty hours in a week for the time period of October 25, 2010 through May 24, 2011 and was not paid at all for the same.

32.    Failure to pay Plaintiff for the hours worked over forty in a given week was in violation of the Federal Fair Labor Standards Act as well as the New Jersey Wage and Hours statutes.

Wherefore, Plaintiff demands judgment awarding him compensatory damages, liquidated damages, punitive damages, interest, counsel fees and costs of suit.

## JURY DEMAND

Please take notice that plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Robert C. Chapin, Esq. is designated trial counsel for plaintiff.

## R.4:5-1 CERTIFICATION

Pursuant to the provisions of R.4:5-1, the undersigned hereby certifies that this matter is not the subject of any other action pending in any Court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all necessary parties have been joined in this action.

MONTGOMERY, CHAPIN & FETTEN

By: _____
          Robert C. Chapin

Dated:  April 4, 2012

MONTGOMERY, CHAPIN & FETTEN, P.C.
745 ROUTE 202/206, SUITE 101
BRIDGEWATER, NJ 08807
(908) 203-8833
Attorneys for plaintiff, Mohamed Bockarie
Our File No. GP 19,690 -3

---

MOHAMED BOCKARIE,

               Plaintiff,

vs.

1621 ROUTE 22 WEST OPERATING
COMPANY, LLC d/b/a SOMERSET
VALLEY REHABILITATION AND
NURSING CENTER, DOREEN ILLIS,
CAREONE MANAGEMENT LLC a/k/a
CAREONE, LLC, ABC CORP. 1-5 (fictitious
corporations whose names are not known),
AND JOHN DOES 1-5 (fictitious
individuals whose names are not known),

               Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY
DOCKET NO. SOM-L-1334-11

Civil Action

**ORDER**

---

     This matter having been brought before the Court by the law firm of Montgomery, Chapin & Fetten on behalf of the plaintiff, Mohamed Bockarie, and the Court having reviewed the moving papers and for good cause having been shown;

     IT IS on this _____ day of _____, 2012

     ORDERED that the plaintiff be and hereby is permitted to file a Second Amended Complaint adding Count Four, for failure of the defendants to provide over-time pay to the plaintiff; and it is further

     ORDERED that a copy of this Order be served upon all interested counsel within _____ days of the date hereof.

                                  _____
                                          J.S.C.

_____     OPPOSED
_____     UNOPPOSED

# Exhibit 7



FILED

APR 1 9 2012

Civil Chambers

**BUCHANAN INGERSOLL & ROONEY PC**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800

Attorneys for Defendants
1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley Rehabilitation and
Nursing Center, Doreen Illis, and Care One Management, LLC (improperly pled as a/k/a Care
One, LLC)

| | |
|---|---|
| MOHAMED BOCKARIE, <br><br> Plaintiff, <br><br> v. <br><br> 1621 ROUTE 22 WEST OPERATING COMPANY, LLC d/b/a SOMERSET VALLEY REHABILITATION AND NURSING CENTER, CAREONE MANAGEMENT LLC a/k/a CAREONE LLC, DOREEN ILLIS, ABC CORP, 1-5 (Fictitious corporations whose names are not known), AND JOHN DOES 1-5 (fictitious individuals whose names are not known), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: SOMERSET COUNTY DOCKET NO. SOM-L-1334-11 <br><br> CIVIL ACTION <br><br> **ORDER** |

**THIS MATTER**, having been opened to the Court by Buchanan Ingersoll & Rooney PC,

attorneys for Defendants 1621 Route 22 West Operating Company, LLC d/b/a Somerset Valley

Rehabilitation and Nursing Center, Care One Management, LLC, and Doreen Illis

("Defendants"), for an Order dismissing Plaintiff's Complaint; the Court having considered the

papers submitted by the parties and having heard the arguments of counsel, and good cause

having been shown,

    **IT IS** on this _____19th_____ day of _____April_____, 2012,

**ORDERED:**   Counts 1, II and III are

1.   Plaintiff's ~~Complaint is~~ hereby dismissed with prejudice.

2.   A copy of this Order shall be served upon all counsel within 7 days from the date

of this Order.

_____, J.S.C.

X OPPOSED
___ UNOPPOSED

JOHN J. DOYLE, JR., J.S.C.

See attached Statement of Reasons
dated _____

<u>Mohamed Bockarie v. 1621 Rt. 22 West Operating Co., LLC, d/b/a Somerset Valley
Rehabiliation and Nursing Center, Careone Management, LLC, a/k/a Careone
LLC, and Doreen Illis</u>
<u>L-1334-11</u>
<u>Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff's Opposition and
Cross-Motion to Amend Complaint</u>
<u>Oral Argument if Opposed</u>
<u>Opposed</u>
<u>Date: 4/13/2012</u>

## PARTIES AND RELIEF SOUGHT

Defendants, 1621 Rt. 22 West Operating Co., LLC, d/b/a Somerset Valley

Rehabilitation and Nursing Center, Careone Management, LLC, a/k/a Careone LLC, and

Doreen Illis, represented by Kelly Saarela, Esq., of Buchanan, Ingersoll & Rooney, PC,

moves to dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction.

Plaintiff, Mohamed Bockarie, represented by Robert Chapin, Esq., of Montgomery,

Chapin & Fetten, opposes and cross-moves to Amend the Complaint to include Plaintiff's

claims for uncompensated over-time.

## FACTS

Plaintiff, Mohamed Bockarie (hereinafter "Bockarie"), was employed by

Defendants, 1621 Rt. 22 West Operating Co., LLC, d/b/a Somerset Valley Rehabilitation

and Nursing Center (hereinafter "SVRNC"), and Careone Management, LLC, a/k/a

Careone LLC (hereinafter "Careone"). In 2010, Bockarie alleges he received a phone call

from Doreen Illis (hereinafter "Illis") requesting that Bockarie transfer from the Holmdel

facility to the Somerset Valley facility. Bockarie claims that Illis indicated that she

wanted him transferred to Somerset Valley to aid in their efforts to petition for a union re-

election and to vote against the union in the event of a re-election. Pursuant to Illis's

alleged request, Bockarie was transferred to the Somerset Valley facility on October 25,

1

2010. Between October 2010 and December 2010, Bockarie claims that Illis would communication with him on a daily basis to attain information regarding the union activities of other employees. Bockarie stated that Illis would ask him which employees should be terminated in order to secure a more favorable union re-election vote. Bockarie claims that he advised Illis he was uncomfortable with providing information regarding his fellow employees' union activities. Illis persisted and in February 2011, she asked Bockarie to take the day off and attend a nearby union meeting so that he could inform her as to which employees were in attendance. Bockarie refused to attend the meeting. Bockarie claims that after his refusal, he noticed that Illis's conduct and disposition negatively changed towards him. In May 2011, Bockarie was called into a meeting where he was advised by Illis that he was suspended from work for improperly administering a suppository. On May 24, 2011, Plaintiff received a signed letter from Illis terminating him from his employment for "failure to perform essential job functions."

Plaintiff filed a Complaint asserting three claims against Defendants, alleging violations of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et. seq., and New Jersey common law.  Plaintiff's claims are based entirely on the allegation that he was terminated for his refusal to engage in anti-union activities. On September 30, 2011, Plaintiff filed an Amended Complaint in Somerset County, New Jersey, under Docket Number SOM-L-1134-11 alleging various causes of action against Defendants.

### DEFENDANT'S ARGUMENT

Defendants now seek to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Defendants assert that the Court lacks subject matter jurisdiction over the entirety of Plaintiff's Complaint because his claims are preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151 et. seq. This preemption is known as Garmon

preemption, as defined within <u>San Diego Building Trades Council v. Garmon</u>, 359 U.S. 236, 79 S.Ct. 773 (1959), which exists to protect the exclusive jurisdiction of the NLRB over unfair labor practices. Causes of action which concern conduct prohibited or protected by the NLRA are presumably preempted. Here, Plaintiff alleges that he was terminated for retaliation for his refusal to engage in anti-union activity, including spying on, reporting the names of, and recommending for termination pro-union employees. These allegations involve conduct which is arguably prohibited by the NLRA. Thus, this Court lacks subject matter jurisdiction over Plaintiff's retaliation claims, and the Complaint must be dismissed in its entirety with prejudice. Under <u>Gilbert v. Gladen</u>, 87 N.J. 275, 280-281 (1981), the Court must make a threshold determination on the issue of whether subject matter jurisdiction exists in order to determine whether the Court is legally authorized to decide the question presented. Under <u>Taylor v. Nat'l Car Rental Sys., Inc.</u>, 2009 WL 3260622, *3 (D.N.J. Oct. 9, 2009), the party asserting <u>Garmon</u> preemption must affirmatively demonstrate that the cause of action concerns conduct that is actually or arguably protected by the NLRA.

    In <u>Garmon</u>, 359 U.S. 236, the United States Supreme Court held that if an "activity is arguably subject to §7 or §8 of the NLRA, the States, as well as the federal courts, must defer to the exclusive competence of the NLRB. <u>Garmon</u>, <u>Id</u>. at 245. <u>Garmon</u> preemption exists to ensure a uniform, consistent, and centrally administered system of national labor law. <u>Id</u>. If a cause of action allegedly implicates the concerted activity under §7 or conduct that would be prohibited as unfair labor practice under §8, the cause of action is preempted. <u>Id</u>.; <u>see also</u> <u>Taylor</u>, 2009 WL 3260622, at *2.

    Courts applying New Jersey law regularly have concluded that claims for retaliation and wrongful termination arising out of conduct either protected or prohibited

by §7 or §8 are preempted by the NLRA and subject to the exclusive jurisdiction of the

NLRB. See Wright v. Nesor Alloy Corp., 2006 WL 2830969, **6-10 (D.N.J. Sept. 29,

2006).

Defendants argue that in this case, Bockarie's allegation that he was terminated

for refusing to participate in management directed anti-union activity is conduct that is

arguably prohibited by the NLRA. Courts have recognized that terminated arising out of

an employee's refusal to engage in anti-union activity implicates prohibited conduct

under §8. See Lewis v. Whirlpool Corp., 630 F.3d 484, 486-89 (6th Cir. 2011); Kilb v.

First Student Transp., LLC, 236 P.3d 968 (Wash. App. 2010). Thus, Bockarie must show

that he was terminated for his refusal to engage in anti-union conduct. His alleged refusal

to continue to inform Illis of the union sentiments of employees, unwillingness to

recommend certain employees for termination basked on their union sentiments, and

reluctance to spy on employees at a union meeting forms the crux of Plaintiff's argument.

This conduct and Bockarie's termination are arguably prohibited by §8 of the NLRA. See

Lewis, 630 F.3d, at 486-89.

## PLAINTIFF'S ARGUMENT

Subject matter jurisdiction involves the threshold determination as to whether the

court is legally authorized to decide the question presented. Caroll v. United Airlines,

Inc., 325 N.J.Super. 353, 357 (App. Div. 1999). It concerns the forum or venue in which

such jurisdiction is established by statute or rule. Caroll, supra at 357. The instant matter

before this Court concerns claims of wrongful termination and violations of CEPA which

occurred within the State of New Jersey. As such, this Court has proper jurisdiction over

the matter.

Defendants maintain that the Court is preempted from hearing the matter as it

falls under the exclusive jurisdiction of the NLRB. Defendants further allege that the alleged adverse employment actions are prohibited by §§7 and 8 of the NLRA, and as such, are preempted from being heard by the Court. While federal case law does state that when an activity is arguably subject to §7 or §8 of the NLRA, the States, as well as the federal courts, must defer to the exclusive competence of the NLRB if the danger of the state interference with national policy is to be averted." <u>San Diego Bldg. Trades Counsel, Millmen's Union Local 2020 v. Garmin</u>, 359 U.S. 236, 245 (1959). Section 8 of the NLRA maintains that it is an unfair labor practice:

1. To interfere with, restrain, or coerce employees in the exercise of their rights guaranteed in Section 7;

2. To dominate or interfere with the formation or administration of any labor organization...' and

3. By discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization...

29 U.S.C. §158(a)(1)(2)(3). Here, Plaintiff is not a member of a labor union, was he attempting to become a member of said union, nor was he a member of management. Defendants requested Bockarie to gather information which he was to provide concerning other employees in order to terminate them to ensure a favorable Union re-election vote. Upon Bockarie's refusal to do so, he was terminated. Thus, the matter does not fall within the exclusive jurisdiction of the NLRB as Bockarie was neither a member of the labor union, nor was he attempting to gain membership.

Moreover, this matter should not be dismissed as the NLRB would not provide Bockarie with an adequate remedy. A remedy by the NLRB would not include compensatory and punitive damages against Defendants. Section 10(c) of the NLRA

5

allows the ordering of affirmative action does not confer a punitive jurisdiction enabling

the Board to inflict upon the employer any penalty it may choose because it engaged in

unfair labor practices, even though the Board may be of the opinion that the polices of the

Act might be effectuated by such an Order. Consol. Edison Co. of New York v. N.L.R.B.,

305 U.S. 197, 235-36 (1938). As the administrative remedy is not necessarily adequate,

"the judicial remedy must be deemed to coexist, with the consequence that the employee

has the option of proceeding either judicially or administratively." Lally v. Copygraphics,

173 N.J.Super. 162, 179 (App. Div. 1980) aff'd, 85 N.J. 668, 428 A.2d 1317 (1981). As

Bockarie has a judicially cognizable cause of action for compensatory and punitive

damages against his employer for retaliatory discrimination, this action is not preempted

by any primary or exclusive agency jurisdiction." Id. at 169. Should this Court agree with

Defendants' position, Plaintiff requests that the matter be transferred to the NLRB

pursuant to R. 1:13-4, rather than dismissing it.

Additionally, Plaintiff cross-moves to amend its Complaint by adding a Fourth

Count as a result of Defendant's failure to compensate Plaintiff for overtime work that he

had done. Bockarie states that the First Amended Complaint was filed as a result of the

fact that counsel identified Illis acting in an individual capacity as an aider and abetter to

the conduct by Bockarie's employer which was perceived as illegal anti-union activity.

## DECISION

Rules 4:6-2(a) and 4:6-7 govern a Motion to Dismiss for Lack of Subject Matter

Jurisdiction. R. 4:6-2(a) provides that this defense shall be asserted at the option of the

pleader by motion. No defense or objection is waived by being joined with one or more

other defenses in an answer or motion. R. 4:6-7 states that "[w]henever it appears by

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

6

matter, the court shall dismiss the matter except as otherwise provided by R. 1:13-4." R. 1:13-4 provides that a court lacking subject matter jurisdiction "shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court or administrative agency, if any, in the State.  The action shall then be proceeded upon as if it had been originally commenced in that court or agency." As stated in San Diego Bldg. Trades Council v. Garmon,

> When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law. Nor has it mattered whether the States have acted through laws of broad general application rather than laws specifically directed towards the governance of industrial relations. n3 Regardless of [***783] the mode adopted, to allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes.

359 U.S. 236, 244 (1959). Therefore, the Court must now address Sections 7 and 8 of the NLRA. Under the NLRA Section 7,

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3) [29 USCS § 158(a)(3)].

29 USCS § 157. Section 8 of the NLRA maintains that it is an unfair labor practice:

7

1. To interfere with, restrain, or coerce employees in the exercise of their rights guaranteed in Section 7;

2. To dominate or interfere with the formation or administration of any labor organization...' and

3. By discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization...

29 U.S.C. §158(a)(1)(2)(3).

In this case, Bockarie is asserting claims for unlawful termination arising out of his termination of employment by Defendants for failure to inform them of other employees' union sentiments. Under Garmon, when the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. Defendant argues that Plaintiff's alleged termination for retaliation for refusing to engage in anti-union activity, specifically, spying on, reporting the names of, and recommending for termination pro-union employees, constitutes conduct which is prohibited by §§ 7 and 8 of the NLRA. Alternatively, Plaintiff argues that the matter does not fall within the exclusive jurisdiction of the NLRB as Plaintiff was neither a member of the labor union, nor was he attempting to gain membership to the union.

Here, Section 7 of the NLRA specifically regulates an employee's right to assist labor organizations, while Section 8 of the NLRA states that it is an unfair labor practice to dominate or interfere with the formation or administration of any labor organization. Thus, the Court finds that Defendants have a more persuasive argument. Here, Plaintiff was allegedly transferred to report to management on the union activities of other employees. Plaintiff was then allegedly given tasks and asked to report on fellow employees' union sentiments to ensure

8

a favorable union vote. While Plaintiff may not have the same remedies afforded by litigating in the Superior Court of New Jersey, including compensatory and punitive damages, Garmon makes it apparent that this Court does not retain jurisdiction over the matter. Thus, the Court finds that this matter must be submitted to the National Labor Relations Board. However, because the Superior Court of New Jersey has no jurisdiction to transfer the matter to a federal agency, this Court may not order the transfer of the matter to the NLRB. Therefore, Defendant's Motion to Dismiss is hereby **GRANTED**. Plaintiff's Motion to Transfer is **DENIED**.

Further, Plaintiff has amended its Complaint to include claims under State law which will remain in the Superior Court of New Jersey. Under Rule 4:9-1, leave to amend should be liberally granted in the interest of justice, and without consideration of the merits of the proposed amendment. Generally, courts will deny a motion seeking leave to amend only if the proposed amendment would result in undue prejudice. Kernan v. One Washington Park Urban Renewal Assoc., 154 N.J. 437 (1998). In this case, Plaintiff has filed its Amended Complaint. Subsequently, the state law claims will remain in the Superior Court of New Jersey, Law Division. Therefore, Plaintiff's Motion to Amend is hereby **GRANTED**.

9